Merrimack
No. 7613

### THE STATE OF NEW HAMPSHIRE

### v.

### PATRICK PELILLO

August 29, 1977

*David H. Souter,* attorney general and *Edward M. Damon,* assistant attorney general (*Mr. Damon* orally), for the state.

*Leonard J. Merski,* by brief and orally, for the defendant.

GRIMES, J.   The issues in this case are whether an indictment for the sale of a controlled drug must specify the capacity in which defendant is claimed to have acted and whether the failure of the trial judge to give the same jury instruction as in a previous case, when defendant was relying thereon, is cause for a new trial.

The indictment on which defendant was put to trial read in part that he "did knowingly sell a quantity of a controlled drug . . . without first obtaining a license so to do." He was found guilty by a jury on January 21, 1976, and moved for a new trial on the ground that although the indictment did not allege agency, the

court, contrary to a ruling in a previous case, instructed the jury that it could find guilt if defendant acted under an agency relationship. He further claimed that in reliance upon the ruling in the previous case, defendant waived his right not to take the stand and did not offer the defense of entrapment. This motion was denied and defendant's exceptions were transferred by *Batchelder,* J.

The evidence shows that on April 19, 1974, at about 8 p.m., Jay DeWolfe, an undercover agent, met Myrtle Parenteau and Robert Ballam in Concord. They drove to a dance hall called the Loft, which was managed by defendant. Parenteau left the car and approached three people, the defendant came to the car, got into the front seat and delivered two tinfoil packets in return for eighteen dollars.

Defendant testified that he was asked to deliver the packets and collect the eighteen dollars by Parenteau who sold drugs and with whom he had had difficulty and had asked to leave the dance hall. He said that he did this for her hoping to get rid of her. He said he obtained the drugs from her and delivered the eighteen dollars to her. The prosecution's evidence supported a finding that Parenteau told defendant that DeWolfe wished to buy the drug and that defendant then went and sold it to DeWolfe and gave him a card showing where he could be reached if he wished to buy more in the future.

■  It appears that defendant did not raise the question of the sufficiency of the indictment at trial and has thus waived the claim. *State v. Taschler,* 116 N.H. 218, 356 A.2d 697 (1976). Moreover, similar indictments have been upheld. *State v. Stone,* 114 N.H. 114, 316 A.2d 196 (1974); *State v. Bacon,* 114 N.H. 306, 319 A.2d 636 (1974). The statute itself defines a "sale" as "barter, exchange, or gift . . . made by any person, whether as principal, proprietor, agent, servant or employee." RSA 318-B:1 (Supp. 1975). The defendant had ample notice that the word "sale" would include the capacity in which he admitted on the stand he had acted.

■  The statute makes the transfer in any capacity illegal and the state is not required to allege a specific capacity. Defendant cannot escape conviction by his testimony that he acted in a different capacity from that which the state's evidence tends to support. It would appear that the legislature by including all capacities intended to prevent just such a defense as defendant sought to employ here. *See State v. Stone supra.*

676

We also reject defendant's argument that he was unfairly misled into believing that the trial judge would give the same instruction that the judge had given in a previous case placing upon the state the burden of proving that defendant acted as a principal or proprietor. Nothing in the record shows that the trial judge did or said anything to so mislead the defendant and a defendant is not entitled to assume that a trial judge will give the same charge in a different case with a different advocate who may convince the judge that the prior instruction was wrong.

As to the defense of entrapment, we find no basis for it on defendant's own testimony. In any event, assuming that the defendant had a colorable defense of entrapment, there is no basis for the claim that the action of the trial court led the defendant to forego it. The defense, if supported by evidence, would have been as appropriate with respect to one capacity as the other.

*Exceptions overruled.*

All concurred.