Belknap
No. 82-103

THE STATE OF NEW HAMPSHIRE

v.

PAUL MARCOTTE

March 31, 1983

246

*Gregory H. Smith,* attorney general (*Gregory W. Swope,* attorney, on the brief and orally), for the State.

*James E. Duggan,* appellate defender, of Concord, by brief and orally, for the defendant.

BOIS, J.    The defendant appeals a jury verdict finding him guilty of unlawful possession of a firearm by a convicted felon. *See* RSA 159:3 (Supp. 1981). The only issue before us is whether the Trial Court (*Cann,* J.) committed reversible error when it upheld the validity of the search warrant which had led to the discovery of the defendant's firearm. We affirm.

On July 20, 1981, Officer Robert Babineau of the Laconia Police Department received information that the defendant, who was thought to have been a convicted felon, had recently purchased a handgun at a local store. The officer suspected that the purchase violated RSA 159:3 (Supp. 1981), which imposed restrictions on the possession of firearms by convicted felons. He checked the store records that same day and determined that the sale had occurred on April 30, 1981, and that the defendant had informed the attending store clerk that he had no prior felony convictions. Shortly thereafter, Officer Babineau verified the defendant's prior felony conviction, and on August 10, 1981, he interviewed the store clerk, who confirmed the April transaction.

Supported by this information, the officer prepared an affidavit and an application for a warrant to search the defendant's home for the gun. Although the district court authorized the search warrant, Officer Babineau subsequently discovered that the defendant was in Colorado, and therefore he did not execute the warrant within the seven-day period permitted by RSA 595-A:7. The dates of the original application and warrant are not apparent from the record, as this material was never entered into evidence. On September 11, 1981, the officer prepared a new affidavit and application, and obtained a second warrant to search the defendant's residence. Execution of this warrant resulted in the seizure of the handgun.

The defendant was indicted for unlawful possession of a firearm and filed a motion to suppress evidence of the pistol on the ground that the second warrant was invalid. The trial court denied the motion, and the defendant was convicted as charged. He now appeals.

The defendant initially argues that the second warrant was invalid because the supporting affidavit allegedly contained the same information as the earlier affidavit and failed to allege any new facts. *See Sgro v. United States*, 287 U.S. 206, 211 (1932) (requiring supplementation of affidavit after failure to execute first warrant). The record shows, however, that the defendant, who contested the validity of the search warrant on certain limited grounds by memorandum of law and orally at trial, failed to raise this distinct issue before the trial judge. Because the defendant never informed the trial court of the possibility of duplication of facts in the affidavits, and did not even introduce into evidence the earlier affidavit and warrant, the trial judge had no notice of this issue. Trial judges cannot be expected to anticipate potential problems which are not reasonably apparent on the record before them; counsel must alert the trial court to such problems. As a consequence, we hold that the defendant failed to preserve the issue for appeal. *See State v. Lavallee*, 119 N.H. 207, 211, 400 A.2d 480, 482 (1979); *State v. Pelillo*, 117 N.H. 674, 675, 377 A.2d 615, 616 (1977). Furthermore, even if we were to find the issue properly before us, the defendant has failed to submit the original affidavit and warrant to this court, and on such a record, we would be unable to determine whether the affidavits contained the same facts.

The defendant also argues that probable cause for the search did not exist at the time of the issuance of the second warrant because more than four months had passed since the purchase of the gun. He specifically claims that the facts supporting the second warrant, *i.e.*, that the defendant purchased the gun on April 30, 1981, and had a

criminal record, were so stale at the time of the issuance of the warrant on September 11, 1981, as to preclude an inference that the defendant still possessed the gun or that he kept it at his house.

We have held that "[p]robable cause to search exists if the man of ordinary caution would be justified in believing that what is sought will be found in the place to be searched . . . and that what is sought, if not contraband or fruits or implements of a crime, will 'aid in a particular apprehension or conviction.'" *State v. Doe*, 115 N.H. 682, 685, 371 A.2d 167, 169 (1975) (citation omitted) (quoting *Warden v. Hayden*, 387 U.S. 294, 307 (1967)); *see Zurcher v. Stanford Daily*, 436 U.S. 547, 556–57 & n.6 (1978); *see also State v. Comeau*, 114 N.H. 431, 434, 321 A.2d 590, 592 (1974). To obtain a search warrant, the police must show that at the time of the application for the warrant there is a substantial likelihood of finding the items sought; they need not establish with certainty, or even beyond a reasonable doubt, that the search will lead to the desired result. *Id.* at 434, 321 A.2d at 592; *see State v. Renfrew*, 122 N.H. 308, 311–12, 444 A.2d 527, 529 (1982). We will interpret the evidence submitted in support of a warrant in a commonsense manner, giving due consideration to the preference to be accorded warrants. *State v. Breest*, 116 N.H. 734, 743, 367 A.2d 1320, 1328 (1976); *United States v. Ventresca*, 380 U.S. 102, 108–09 (1965).

A lapse of time, alone, between a suspected crime and the issuance of a warrant is not conclusive as to probable cause; rather it must be considered with all the other circumstances, including the nature of the criminal activity and the items sought. *State v. Hett*, 644 P.2d 1187, 1189 (Wash. App. 1982); *see United States v. Steeves*, 525 F.2d 33, 38 (8th Cir. 1975); *United States v. Marcello*, 531 F. Supp. 1113, 1121 (C.D. Cal. 1982).

In this case, the objective of the defendant's ongoing criminal activity was possession of the gun itself. The evidence revealed that the gun had not been used in the commission of any crime and did not have any distinguishing features or marks. The defendant therefore had no compelling reason to dispose of the gun. Furthermore, as the State correctly points out in its brief, the potential penalty associated with the purchase made it unlikely that the defendant bought the pistol for someone other than himself. Thus, we conclude that, despite the lapse of time between the purchase of the gun and the issuance of the warrant, a person of ordinary caution would have been justified in believing that the gun was still in the defendant's possession when the warrant was issued. *Cf. Andresen v. Maryland*, 427 U.S. 463, 478–79 n.9 (1976) (3-month delay between illegal transactions and issuance of warrants for business records does not

render probable cause stale); *Matter of Independent Oil Products, Inc.*, 444 A.2d 291, 295 (Del. Super. 1982) (finding probable cause to search for corporate records despite 18- to 26-month time lapse between alleged criminal activity and date of warrants).

■ We also note that, under the circumstances of this case, a substantial likelihood existed that the defendant, like most owners of handguns, would keep the firearm in his house. *See United States v. Steeves*, 525 F.2d at 38. The trial court therefore did not err in finding the search warrant valid and denying the defendant's motion to suppress.

*Affirmed.*

All concurred.