Hillsborough
No. 85-368

THE STATE OF NEW HAMPSHIRE

v.

ALEXANDER JAROMA

August 7, 1986

*Stephen E. Merrill*, attorney general (*Andrew W. Serell*, attorney, on the brief and orally), for the State.

*Joanne Green*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, J. This is an interlocutory appeal from the Trial Court's (*Bean*, J.) ruling denying the defendant's motion to suppress. *See* SUP. CT. R. 8. At issue is the legality of a police search of a Goffstown storage garage that led to the defendant's arrest and charges of receiving stolen property, RSA 637:7, and burglary, RSA 635:1. We affirm.

On July 21, 1984, the chief of the Epsom Police Department received a telephone call from a Marc Eaton and went to Eaton's home to investigate the latter's claim that the defendant had been harassing Eaton's wife by telephone. The chief stated at the motion hearing that Eaton wanted the calls to stop and the defendant arrested. In addition, the chief testified that Eaton "also stated . . . that [if] there wasn't enough information on [the harassment complaint], that he would have additional information that would put Mr. Jaroma away for quite a period of time." Eaton then informed the chief that stolen property could be found stored in the center stall of a five-stall Goffstown garage that had a "Jo Burnham Real Estate" sign on it. He also furnished a description of the garage and stated that Jaroma had rented the stall.

This information was then given to New Hampshire State Police Trooper Eastman and later relayed to Corporal French of the Goffstown Police Department. Eaton spoke with several officers two days

later, including Corporal French, and told them that, approximately one month before, the defendant had taken him to the garage and that he had seen tool boxes and a picnic table in the center stall. In addition, Eaton stated that the defendant had told him that if the police were to find out about the garage, the defendant would be put away for a long time.

The police investigation revealed that the garage's center stall was rented to an "Al Halston," a known alias of the defendant, and that a new padlock had been placed on the door of the stall in violation of the rental agreement. On July 25, 1984, police officers obtained the manager's permission to enter a stall adjacent to the one rented to the defendant. Using a hole in the wall between the stalls, the police peered inside the defendant's stall and saw a wide variety of items. Later that day, Corporal French submitted an application for a search warrant and a fifteen-paragraph supporting affidavit. The warrant was obtained and executed that night. Most of what was found in the tightly crammed center stall was removed and inventoried.

The defendant moved to suppress the items seized in the search. The trial court ruled that the information gleaned from the first search on July 25 was unconstitutionally obtained, and excised the portions of the supporting affidavit that contained this information. The court also ruled, however, that the remaining recitals in the affidavit were sufficient to establish probable cause for the later search, and denied the motion to suppress.

Eight questions of law were presented in the interlocutory appeal statement, only five of which were covered in the defendant's brief. We will consider only those five questions, and deem the remainder waived. *See Fleming v. Martin*, 122 N.H. 128, 130, 442 A.2d 584, 585 (1982). The briefed questions of law, renumbered to reflect the order in which we consider them, are as follows:

"[(1)] Whether the following statements contained in, or deleted from, the supporting affidavit constitutes [*sic*] material misrepresentations made recklessly or intentionally, requiring suppression of the evidence obtained pursuant to the search warrant?

[(a)] 'The informant has no known Criminal Record to Law Enforcement' (See paragraph G of the Affidavit);

[(b)] The absence of any statement as to the informant's motivation for disclosing his information.

[(2)] Whether the conclusory statements contained in paragraphs #[ ] 12, 13, 14 and 15 of the supporting

affidavit are constitutionally deficient thus requiring suppression of the evidence?

[(3)] Whether the search warrant was issued upon less than probable cause because the underlying bases for the informant's conclusion that the goods were stolen and the informant's credibility and reliability were not sufficiently established in the affidavit?

[(4)] Whether the warrant and supporting affidavit failed to establish a substantial likelihood that the items described in the actual warrant were stolen and would be found in the garage stall?

[(5)] Whether the fruits of an arrest warrant must be suppressed when the warrant was supported by fruits of an unlawful search?"

The defendant argues, with respect to question one, that Eaton's desire to have the defendant incarcerated was material to his credibility and was omitted recklessly from the affidavit by Corporal French. The defendant maintains that if this evidence of Eaton's vengeful motive had been added to the affidavit, the affidavit would likely have failed to establish probable cause to issue the warrant. The trial judge ruled that the omitted information was not material, stating:

"[W]here an informant contacts authorities with a motivation other than 'a sense of civic duty' the informant can still be found credible. *United States v. Lefkowitz*, 618 F.2d 1313, 1317 (9th Cir. 1980), *cert. denied*, 449 U.S. 824 (1980). . . . The Court does not believe that recitation of the circumstances under which Eaton provided the information about the garage would have tipped the balance against a finding of probable cause."

The court then stated that since the information was not material, it need not determine whether its omission was reckless.

■■ The issue of an omission's materiality is a "[question] of law, for which this court is ultimately responsible." *State v. Chaisson*, 125 N.H. 810, 814, 486 A.2d 297, 300 (1984); *see also State v. Cote*, 126 N.H. 514, 522, 493 A.2d 1170, 1175–76 (1985). The informant's supposed bad motive for providing information to the police was that the defendant had allegedly been making harassing telephone calls to the informant's wife. Assuming *arguendo* that this knowledge can be imputed to Corporal French, who also testified that the informant told him that the defendant and the informant had had "a bad business deal," we do not believe that the informa-

tion which he failed to include in the affidavit was material. The informant's basis of knowledge was clearly stated in the warrant affidavit: he related the underlying incident which gave rise to the tip he provided to the police. Moreover, the police corroborated much of the information provided by the informant, thereby buttressing his credibility and raising an inference of truthfulness. *See State v. Gilson*, 116 N.H. 230, 233, 356 A.2d 689, 691 (1976). We therefore hold that the non-inclusion in the affidavit of the informant's motive for providing information to the police in this case did not constitute a material omission.

The defendant also argues that inclusion in the affidavit of the statement that "[t]he informant has no known Criminal Record to Law Enforcement" constituted an improper attempt to bolster Eaton's credibility. While the statement that the informant had no *known* criminal record was literally true, the informant did in fact have a record. Whatever the significance of such a record should be for the probable cause determination, the informant's record in this case consisted only of an arrest for assault and criminal mischief, not a charge of criminal activity directly relevant to veracity, such as perjury. Thus, inclusion in the affidavit of an accurate statement of Eaton's criminal record would not significantly have affected his credibility, *see Cote, supra* at 522, 493 A.2d at 1176.

The defendant's second argument, relating to questions two through five, is that the affidavit failed to establish probable cause to believe that the named stolen items could be found in the place to be searched. This argument is comprised of two sub-arguments: (a) adding the information regarding motive weakens the reliability and credibility of the informant to the extent that a substantial basis for crediting the information provided by the informant no longer exists; and (b) numerous allegedly conclusory statements contained in the affidavit did not afford the magistrate an opportunity to assess independently the existence of probable cause. Once these statements are excised, according to the defendant, the remainder of the information does not establish probable cause.

The defendant makes these assertions under the rubric of both the State and Federal Constitutions. We therefore first analyze the issues presented under our State Constitution. *See State v. Ball*, 124 N.H. 226, 471 A.2d 347 (1983). In this process, we will employ decisions of the United States Supreme Court and other jurisdictions only as aids in our State constitutional analysis. *See Michigan v. Long*, 463 U.S. 1032, 1041 (1983). We will then analyze the federal issues raised only to the extent that federal law provides the defendant with additional protection. *See Ball, supra* at 232, 471 A.2d

at 351; *see also State v. Langone,* 127 N.H. 49, 51–52, 498 A.2d 731, 733 (1985).

Our State Constitution provides that

> "[e]very subject hath a right to be secure from all unreasonable searches and seizures of his person, his houses, his papers, and all his possessions. Therefore, all warrants to search suspected places, or arrest a person for examination or trial in prosecutions for criminal matters, are contrary to this right, if the cause or foundation of them be not previously supported by oath or affirmation; and if the order, in a warrant to a civil officer, to make search in suspected places, or to arrest one or more suspected persons or to seize their property, be not accompanied with a special designation of the persons or objects of search, arrest, or seizure; and no warrant ought to be issued; but in cases, and with the formalities, prescribed by law."

N.H. CONST. pt. I, art. 19.

 We have defined probable cause many times in the past. It exists

> "'if the man of ordinary caution would be justified in believing that what is sought will be found in the place to be searched . . . and that what is sought, if not contraband or fruits or implements of a crime, will "aid in a particular apprehension or conviction."' . . . To obtain a search warrant, the police must show that at the time of the application for the warrant there is a substantial likelihood of finding the items sought; they need not establish with certainty, or even beyond a reasonable doubt, that the search will lead to the desired result."

*State v. Marcotte,* 123 N.H. 245, 248, 459 A.2d 278, 279–80 (1983) (quoting *State v. Doe,* 115 N.H. 682, 685, 371 A.2d 167, 169 (1975)). Our determination, then, necessarily must reflect the contextual, commonsensical, and fact-based nature of any probable cause determination. *See State v. Breest,* 116 N.H. 734, 743, 367 A.2d 1320, 1328 (1976). In addition, another basic principle to which we adhere is the preference which we accord warrants, *see Marcotte, supra* at 248, 459 A.2d at 280, and the deference which we afford magistrates, especially in close cases. *See State v. Sands,* 123 N.H. 570, 604, 467 A.2d 202, 223 (1983).

It should be noted at the outset that the defendant's argument rests partly on a premise to which we do not accede. The first part of the argument assumes both that we have determined that the omis-

sion of Eaton's motive was material and that it was negligently made, and therefore that it must be added to the affidavit, so that the affidavit may be retested. *See State v. Renfrew*, 122 N.H. 308, 311, 444 A.2d 527, 529 (1982). However, we have held that the omission was not material. Even if the omission had been relevant to the informant's credibility, there was enough other information in the affidavit to establish it. The general issue, then, becomes whether the affidavit as submitted is sufficient to establish probable cause for the subsequent search. However, our inquiry is dictated by the form and substance of the questions transferred, as well as by the factual context giving rise to them.

The defendant's argument focuses on paragraphs 12, 13, and 14 of the affidavit. The trial court accorded no weight to paragraph 15 in making its probable cause determination. The State does not contest this ruling, so paragraph 15 plays no part in this appeal. Paragraphs 12 through 14 state:

"12) Captain Gobin of the Goffstown Police Department speaks with Captain Brodeur of the Manchester Police Department who advises that a burglary [occurred] at the office of Attorney Tom Wingate on January 28, 1984. Reported stolen in this burglary was a Panasonic VCR. Al Jaroma is suspected in this burglary.

13) On January 8, 1984 a burglary was reported to the Manchester Police Department by JW Sowden Associates. Reported stolen in this burglary were the following items. (See Attached List). Al Jaroma is suspected in this burglary, due to Modus Operandi and types of items stolen.

14) On June 25, 1984 a burglary was reported by Calverts Furniture Store to the Londonderry Police Department. Reported stolen in this burglary were numerous pieces of furniture. (see attached list) Al Jaroma is suspected in this burglary, due to Modus Operandi and types of items stolen."

The defendant characterizes these paragraphs as purely conclusory "assertions of suspicion deserving no weight in determining probable cause to search." We reject this characterization. While not models of informative explication, paragraphs 12 through 14 set out with specificity information gathered in what was apparently an ongoing investigation. They are not mere assertions by police that they had probable cause to search or, analogously to *Spinelli v. United States*, 393 U.S. 410, 414 (1969), that Jaroma was known as a burglar. Although conclusory in form, these statements are consist-

ent with the admission of illegal behavior made by Jaroma to the informant.

The defendant's reliance on *State v. Cote*, 126 N.H. 514, 493 A.2d 1170 (1985) is misplaced. In *Cote*, the court stated that the following information, contained in a police file, did not rise to the level of probable cause:

> "several reports, compiled over a six-week period prior to the search, indicating that patrons of the [pub where the search took place] were using and dealing in drugs and that the defendant had possessed significant quantities of marijuana at the pub *at unspecified times in the past*[;] . . . [and] conclusory reports that the defendant was a dealer in drugs."

*Id.* at 527, 493 A.2d at 1179 (emphasis added). We concluded that "[t]his information clearly justified further investigation, but it was either too conclusory or too vague about time of possession to amount to probable cause to believe that the defendant would have drugs in his possession at the pub when the police made the search." *Id.* The difference between the fact situation in *Cote* and that existing here is obvious: the information possessed by the police in *Cote* referred to no specific times or instances of possession by the defendant, and part of the information merely characterized him as a known dealer in drugs. By contrast, in the present case, the defendant was linked by the police to specific burglaries occurring on particular dates in the recent past. We thus reject the defendant's argument that the allegedly conclusory statements should have been excluded from the affidavit.

The defendant further argues that the information provided by the informant provided "no basis for believing that anything in the defendant's garage stall [was] stolen." It is true that, standing alone, the informant's simple belief that the defendant was concealing stolen property in the garage stall would be insufficient. However, the combination of the specific facts provided by the informant, such as the fact that Jaroma had to "climb over items" inside the stall and the defendant's admission of illegal behavior, and the knowledge obtained in the ongoing burglary investigation, would easily lead a reasonable person to the conclusion that stolen property would likely be located in the stall.

The defendant further argues that corroboration of only part of the information provided by the informant was insufficient to establish probable cause to search. That is true, but this concession does not avail the defendant. The State does not rely on the partial corroboration of the informant's information as the sole basis of the

probable cause determination. The informant's tip plus partial corroboration, combined with the fruits of the ongoing police investigation, gave rise to probable cause in this instance.

We therefore hold that there was probable cause to support the issuance of the search warrant under the State Constitution and, because the Federal Constitution provides the defendant no greater protection, we make no separate federal analysis. We affirm the trial court's ruling denying the defendant's motion to suppress.

*Affirmed and remanded.*

All concurred.