Cheshire
No. 85-378

THE STATE OF NEW HAMPSHIRE

v.

ALAN GRIMSHAW, JR.

August 7, 1986

*Stephen E. Merrill*, attorney general (*Andrew L. Isaac*, assistant attorney general, on the brief and orally), for the State.

*Law Offices of Robert J. Moses*, of Amherst (*Robert J. Moses* on the brief and orally), for the defendant.

JOHNSON, J.   The defendant appeals his conviction for possession of marijuana in excess of one pound, RSA 318-B:26, I(c), on the following grounds. He contends that (1) the Trial Court (*Murphy*, J.) erred in its pretrial determination of probable cause; (2) the *in camera* hearing to ascertain the veracity of the affiant denied his constitutional right to confront his accusers; (3) at trial, the Court

(*O'Neil*, J.) improperly admitted into evidence items of drug para-
phernalia; and (4) the doctrine of collateral estoppel requires a rever-
sal of his conviction. We affirm.

On March 11, 1983, a search of the defendant's home in Troy was
authorized by a warrant issued by the Keene District Court (*Talbot*,
J.) in reliance upon a sworn affidavit. Following the search, which
revealed contraband, the defendant was arrested. The affiant, Pierre
LaGrenade, Chief of Police of Troy, represented that a disclosed
informant, who had been arrested and charged with burglary and
other offenses, provided information to the Fitzwilliam police that
the defendant was selling drugs and that the informant had bought
drugs from the defendant. The chief further asserted that an un-
identified informant, who had previously provided drug-related
information leading to arrests, was at the defendant's residence on
February 26, 1983, and observed the defendant selling drugs.

The defendant alleged in various pretrial motions that, *inter alia*,
no probable cause supported the issuance of the search warrant. He
sought to suppress the evidence obtained as a result of the search,
and to have the identity of the confidential informant disclosed.
After an evidentiary hearing, the Court (*Murphy*, J.) found that the
chief's affidavit contained "omissions and misstatements . . . of such
a magnitude that the [defendant] reach[ed] the threshold to entitle
[him] to a veracity hearing by showing that Chief LaGrenade acted
in reckless disregard of the truth." The court also found that the
disclosed informant's information was stale and could not support a
finding of probable cause, and that thus the information given by
the confidential informant had to have been sufficient in itself to
establish probable cause.

The court held an *in camera* hearing to investigate the chief's
veracity, of the sort contemplated by *Franks v. Delaware*, 438 U.S.
154 (1978), and *State v. Chaisson*, 125 N.H. 810, 486 A.2d 297 (1984).
Neither counsel for the defendant nor counsel for the State was
present. By order of December 4, 1984, the court declared that the
veracity of the affiant had been established, and found that "to
divulge the identity of the informant would undermine effective law
enforcement and expose the informant to unnecessary and substan-
tial risk of serious bodily harm . . ." The defendant's pretrial
motions, therefore, were denied.

The defendant moved for an interlocutory appeal, based on the
court's denial of his motions and on his assertion that the *in camera*
hearing violated his right to confront his accusers under part I, arti-
cle 15 of the New Hampshire Constitution. The court denied the
motion. After his final motion for reconsideration was denied, the
defendant was tried. At trial, he objected to the introduction into

evidence of various items of drug paraphernalia. The objection was overruled, and an exception noted. The defendant was found guilty by jury verdict. The defendant's wife was acquitted of the same offense in a subsequent trial, and the defendant thereafter moved for judgment of acquittal notwithstanding the verdict based on the doctrine of nonmutual collateral estoppel. The court denied the motion.

We turn first to the defendant's probable cause argument. The defendant contends that issuance of the search warrant against him without probable cause to support it violated his rights under the fourth amendment of the United States Constitution and under part I, article 19 of the New Hampshire Constitution. We will analyze and decide the defendant's claims under the New Hampshire Constitution, and see no need to make a separate federal analysis because the Federal Constitution provides no greater protection to the defendant. *See State v. Ball*, 124 N.H. 226, 232, 471 A.2d 347, 351 (1983).

■■ The defendant contends that the chief's affidavit was insufficient to establish probable cause because his representations concerning the disclosed informant contained material misstatements and the information itself was stale, and that the remaining information given by the confidential informant did not support a finding of probable cause. *Cf. State v. Jaroma*, 128 N.H. 423, 514 A.2d 1274 (1986). Probable cause must support the issuance of a search warrant. N.H. CONST. pt. I, art. 19. It exists if a person of "ordinary caution" would justifiably believe that what is sought will be found through the search and "will aid in a particular apprehension or conviction." *State v. Corey*, 127 N.H. 56, 58, 497 A.2d 1196, 1198 (1985). We have held that in order

> "[t]o obtain a search warrant, the police must show that at the time of the application for the warrant there is a substantial likelihood of finding the items sought; they need not establish with certainty, or even beyond a reasonable doubt, that the search will lead to the desired result."

*State v. Marcotte*, 123 N.H. 245, 248, 459 A.2d 278, 280 (1983).

The trial court found that the affidavit submitted to support probable cause contained misstatements and omissions with regard to the disclosed informant. The defendant had alleged that the affiant had omitted the fact that the disclosed informant was in jail on burglary charges at the time that he provided the information, and that the information was provided in exchange for a disposal of the case against him. The defendant had also claimed that the

affiant misled the magistrate by not specifying that the disclosed informant spoke to the Fitzwilliam police and not directly to the affiant. Finally, the defendant had asserted that the disclosed informant had not previously given information to the police, as the affidavit stated, but had described locations of some stolen property which were verified before the affidavit was submitted.

██ We will read and interpret affidavits submitted in support of search warrants in a "commonsense manner, giving due consideration to the preference to be accorded warrants." *See Marcotte, supra* at 248, 459 A.2d at 280. The question whether the affidavit contains a misrepresentation, and whether it was material, is a question of law. *State v. Chaisson*, 125 N.H. at 814, 486 A.2d at 300. Our reading of the affidavit discloses no material misstatements or omissions. The affidavit explicitly states that the disclosed informant had been arrested by the Fitzwilliam police on burglary charges, and had given information to them. Although the affidavit does not declare that the informant had provided the information while in jail in exchange for the disposal of the charges against him, we do not believe that this omission was material in light of the fact that the magistrate had been informed that the informant had been arrested. Finally, the affidavit does not state that the informant had previously given information to the police; rather, it states that he "has given [the police] other information" which had been verified. Although the affidavit may contain an ambiguity in that it does not state clearly that the "other information" was provided by the informant at the same time that he provided the information concerning the defendant, we do not see this as material.

██ We therefore hold that the affidavit did not contain material misstatements or omissions. The defendant further argues, however, that the information provided by the disclosed informant was stale. The affidavit states that the disclosed informant had observed the defendant in possession of drugs on twenty to twenty-five occasions, with the last occasion occurring in the summer of 1982. The information was disclosed to the police approximately six months later, and the affidavit was submitted the following month. The lapse of time in this case must be considered along with other relevant circumstances. *See Marcotte*, 123 N.H. at 248, 459 A.2d at 280. The informant had observed the defendant in possession of drugs many times over a long period, and he stated against his own interest that he had bought drugs from the defendant. "[A] person of ordinary caution would have been justified in believing" that the defendant was selling drugs. *See id.*

■ The information provided by the disclosed informant was sufficient in itself to establish probable cause, and thus the trial court correctly denied the defendant's pretrial motions. In light of the fact that the information provided by the confidential informant was unnecessary to the finding of probable cause, we need not reach the defendant's contention that the affiant fabricated the existence of that informant, or the further contention that the *in camera* hearing violated his right to confront his accusers. The defendant would only have been entitled to a hearing had the information provided by the confidential informant been necessary to the probable cause determination. *See Franks v. Delaware*, 438 U.S. 154, 155–56 (1978).

■■ The defendant next challenges the trial court's admission into evidence of various items of drug paraphernalia seized during the search of the defendant's residence. In determining the admissibility of relevant evidence, the trial court must consider whether the potential prejudice to the defendant outweighs the probative value of the evidence. *State v. Sands*, 123 N.H. 570, 611, 467 A.2d 202, 228 (1983); *see also* N.H. R. Ev. 403. RSA 318-B:26 "requires the State to prove 'beyond a reasonable doubt (1) that the defendant had knowledge of the nature of the drug, (2) that he had knowledge of its presence in his vicinity and (3) that he had custody of the drug and exercised dominion and control over it.'" *State v. Fossett*, 119 N.H. 155, 156, 399 A.2d 966, 967 (1979). The State offered the evidence at issue here to show that the defendant had knowledge of the nature of the contraband in his possession, and had custody of and control over the drugs. We cannot say that the probative value of the evidence was outweighed by any prejudice to the defendant, and therefore hold that the trial court did not abuse its discretion in admitting the evidence. *See State v. Farrow*, 118 N.H. 296, 307, 386 A.2d 808, 815 (1978).

■ Finally, the defendant argues that the doctrine of nonmutual collateral estoppel requires that we reverse his conviction. This assertion is completely without merit. Evidence was presented at the defendant's trial which was not presented at the trial of the defendant's wife. The policies underlying the collateral estoppel doctrine—promoting judicial economy and preventing inconsistent judgments—are clearly outweighed here by the policy considerations present in a criminal case. *See State v. Kaplan*, 124 N.H. 382, 469 A.2d 1354 (1983).

*Affirmed.*

All concurred.