THE STATE OF NEW HAMPSHIRE

v.

RAUL A. CAICEDO

December 6, 1991

*John P. Arnold,* attorney general (*David S. Peck,* senior assistant attorney general, on the brief and orally), for the State.

*Robert R. Renfro,* of Portsmouth, and *Frank G. Kelleher* and *Rosemary Curran Scapicchio,* of Boston, Massachusetts (*Mr. Renfro, Ms. Scapicchio* and *Mr. Kelleher* on the brief, and *Ms. Scapicchio* orally), for the defendant.

THAYER, J. The defendant, Raul Caicedo, was indicted for possession of cocaine in violation of RSA 318-B:2 (Supp. 1990). The

State appeals under RSA 606:10, II from an order of the Superior Court (*Groff,* J.), granting the defendant's motion to suppress evidence seized pursuant to a search warrant issued by Judge Marshall of the Salem District Court. We reverse and remand.

On December 21, 1989, Trooper Terrence Kinneen of the New Hampshire State Police applied for a warrant to search the premises at 5 Chagnon Lane in Pelham, and the curtilage thereof, for cocaine and other contraband. In support of his application, Trooper Kinneen executed an affidavit which stated the following facts.

During the week of November 29, 1989, Trooper Kinneen met with a confidential informant, who stated that the defendant sold cocaine at 5 Chagnon Lane and that the informant could make "controlled buys" at that address. Trooper Kinneen arranged a "controlled buy," in the course of which he searched the informant and the informant's vehicle for drugs, gave the informant $200 of serialized currency, and followed the informant to 5 Chagnon Lane. Trooper Kinneen watched the informant park the car in the driveway of 5 Chagnon Lane, exit the vehicle, and walk toward the residence. The affidavit then states that, "After [the informant] left the residence . . . [Trooper Kinneen] followed [the informant] back to a predetermined meeting spot." The informant then gave Trooper Kinneen 3.53 grams of cocaine.

Once again, on December 20, 1989, Trooper Kinneen searched the informant and the informant's vehicle, gave the informant $200 of serialized currency, followed the informant to 5 Chagnon Lane, and watched the informant pull into the driveway. Again, Trooper Kinneen stated in the affidavit that, "After [the informant] left the residence [Trooper Kinneen] followed [the informant] back to a predetermined meeting spot." The informant then gave Trooper Kinneen more cocaine.

In addition to the two controlled buys, the affidavit describes an incident on December 6, 1989, in which Trooper Kinneen and a State agent were introduced to the defendant by the informant. The defendant examined weapons which the undercover officers were offering for sale. The defendant indicated that he desired to purchase a 9mm pistol in exchange for one-half ounce of cocaine.

Based on the above information in the affidavit, the issuing magistrate found that probable cause existed to believe that contraband would be found at 5 Chagnon Lane and issued the search warrant. When the police executed the search warrant, they discovered cocaine in two cans, partially buried, in the ground next to the house.

This evidence led to the defendant's indictment for possession of cocaine.

The defendant moved to suppress the evidence seized, on the basis that the warrant was invalid because the supporting affidavit failed to establish probable cause and that the search, therefore, violated his rights under part I, article 19 of the New Hampshire Constitution and under the fourth and fourteenth amendments to the United States Constitution. The defendant argued in his motion to suppress that the affidavit did not set forth information that cocaine or other contraband was stored at 5 Chagnon Lane, nor did it allege that the controlled buy was from the defendant; therefore, the affidavit did not establish probable cause to believe that drugs could be found at 5 Chagnon Lane. The defendant also asserted that the search of the yard was outside the scope of the warrant, because the warrant did not specifically authorize a search of the curtilage.

The superior court granted the defendant's motion to suppress. At the outset, the court held that the warrant authorized the search of the area surrounding the house because a warrant authorizing the search of premises identified by street number includes the curtilage of that premises. *See United States v. Griffen*, 827 F.2d 1108, 1114 (7th Cir. 1987), *cert. denied*, 485 U.S. 909 (1988). The court then found that the "confidential informant was never seen entering the premises, nor was the defendant seen at the premises" and that Trooper Kinneen's affidavit failed to establish that the informant was credible or reliable and completely lacked corroborating evidence. The State then made a motion to reconsider, which was denied.

The State raises two issues in this appeal: (1) whether the court's finding that the informant was never seen entering the premises at 5 Chagnon Lane was clearly erroneous, and (2) whether the court erred in finding no probable cause to search 5 Chagnon Lane.

We begin by considering whether the court erred in determining that the informant was not seen entering 5 Chagnon Lane. In his affidavit, in describing the first "controlled buy," Trooper Kinneen stated that he followed the informant to 5 Chagnon Lane and, "watched 'it' [the informant] exit 'its' vehicle in the driveway and walk towards the residence. After 'it' left the residence [Trooper Kinneen] followed 'it' back to a predetermined meeting spot." Trooper Kinneen's affidavit, in describing the second "controlled buy," states that, "'It' [the informant] was followed to 5 Chagnon Lane and pulled into the driveway. After 'it' left the residence [Trooper Kinneen] followed 'it' back to a predetermined meeting spot."

■ ■ While there is some ambiguity in Trooper Kinneen's affidavit as to whether he actually saw the informant enter 5 Chagnon Lane, the affidavit as a whole supports the magistrate's finding that the informant did in fact enter 5 Chagnon Lane. This court has often stated the rule that "[r]eviewing courts should pay great deference to a magistrate's determination of probable cause and should not invalidate a warrant by interpreting the evidence submitted in a hypertechnical sense." *State v. Carroll*, 131 N.H. 179, 187, 552 A.2d 69, 73 (1988) (citations omitted). Under this standard, Trooper Kinneen's affidavit clearly states that the informant was seen pulling into the driveway, walking toward 5 Chagnon Lane, and leaving the premises. Therefore, we conclude (1) that the magistrate was justified in his determination that the informant actually entered 5 Chagnon Lane and (2) that the superior court's finding that such a determination was not justified was clearly erroneous.

■ Next we consider whether the superior court erred in finding that there was no probable cause to search 5 Chagnon Lane. Part I, article 19 of the New Hampshire Constitution provides that search warrants shall issue only upon "cause or foundation," supported by oath or affirmation. We interpret this language as a requirement for probable cause. *Carroll*, 131 N.H. at 184, 552 A.2d at 72. In *Carroll*, this court adopted the totality-of-the-circumstances test for determining whether probable cause exists. *Carroll*, 131 N.H. at 186–87, 552 A.2d at 73. Under this test, elements including the informant's "veracity" and "basis of knowledge" are important factors to be considered by judges and magistrates in determining whether probable cause exists. *Carroll*, 131 N.H. at 187, 552 A.2d at 74 (citing *Illinois v. Gates*, 462 U.S. 213, 233 (1982)). Other indicia of reliability, however, such as corroboration by police officers, may be used in determining the existence of probable cause to supply the missing factors relative to the informant and the informant's information. *Carroll*, 131 N.H. at 187, 552 A.2d at 74 (citing *Illinois v. Gates*, 462 U.S. at 241–42); *see also State v. Hazen*, 131 N.H. 196, 201–02, 552 A.2d 77, 80–81 (1988).

Trooper Kinneen states in his affidavit that the confidential informant told him that the defendant "deals cocaine out of 5 Chagnon Lane" and that the informant "could make controlled buys [from the defendant]" at that address. Although the affidavit does not offer evidence of the informant's reliability or veracity, it does detail two "controlled buys" of cocaine at the house at 5 Chagnon Lane as substantial police corroboration of the information received from the

informant. The affidavit's explanation of the "controlled buys" on these two separate occasions corroborated the informant's statement that the defendant sold cocaine at 5 Chagnon Lane and provided the issuing judge with a sufficient basis for determining that probable cause existed to search the premises.

■ The defendant argues that the "controlled buy" in this case can be distinguished from the transaction in *Carroll*, because Trooper Kinneen's affidavit did not allege that the informant told him that he or she purchased the cocaine from defendant Caicedo. It appears that the defendant has confused the need for probable cause to search the premises at 5 Chagnon Lane and the need for probable cause to arrest the defendant. "Probable cause to search is not the same as probable cause to arrest." *State v. Doe*, 115 N.H. 682, 685, 371 A.2d 167, 169 (1975). "Probable cause to search exists if a person of ordinary caution would be justified in believing that what is sought will be found in the place to be searched." *Id.* Trooper Kinneen's affidavit in this case supports the magistrate's finding that cocaine could be found at 5 Chagnon Lane, regardless of whether the defendant was selling cocaine at the premises.

■ We reject the trial court's finding that "the only information which is offered to corroborate the informant's statement that the defendant sold cocaine to him at the premises is the fact that the defendant wanted to purchase a gun from the police officer in exchange for cocaine." The trial court failed to consider the two "controlled buys" initiated by Trooper Kinneen to provide independent corroborating evidence of the informant's statements. As we discussed above, the "controlled buys" detailed in the affidavit were sufficient police corroboration to uphold the municipal court's finding of probable cause to search 5 Chagnon Lane.

Because the State constitutional standard adopted in *Carroll*, and applied here today, affords the same protection as that provided by the Federal Constitution, we need not examine the fourth amendment issue. *See State v. Ball*, 124 N.H. 226, 232, 471 A.2d 347, 351 (1983).

*Reversed and remanded.*

All concurred.