Hillsborough
No. 90-605

THE STATE OF NEW HAMPSHIRE

v.

DAVID DECOTEAU

April 23, 1993

*John P. Arnold*, attorney general (*Jeffrey W. Spencer*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief and orally, for the defendant.

HORTON, J. The defendant, David Decoteau, was charged with the crimes of arson, RSA 634:1, II (1986), and attempted theft of insurance, RSA 629:1 (1986), RSA 637:3 (1986). He filed two motions to suppress evidence seized when investigators, acting pursuant to a warrant, searched the charred remains of his residence. Although the Superior Court (*Groff*, J.) denied his first motion, it granted the second motion, finding that the investigators exceeded the scope of the search authorized by the warrant. The State filed the present appeal pursuant to RSA 606:10, II (1986). We reverse and remand.

On March 16, 1989, an explosion and fire destroyed the defendant's single family residence on Route 31 in Lyndeborough. The residence had consisted of a house and garage, with a breezeway connecting the two structures. After firefighters extinguished the blaze, J. William Degnan, an investigator with the New Hampshire Department of Safety's Office of the Fire Marshall, arrived to investigate the cause of the fire. Degnan examined the scene and interviewed the defendant, his wife, and their daughter.

On April 3, 1989, Degnan applied for a warrant to conduct a further search of the remains of the defendant's residence. In the warrant application, Degnan stated that he was seeking a "Gas

regulator, Flexable [*sic*] gas line, signs of chemicals used to ignite the fire, or liquid flamable [*sic*] material, as well as any and all other items that may show the cause of the fire." In an affidavit submitted in support of the application, Degnan stated that he had eliminated several possible accidental causes of the explosion and fire, and he noted that "it is not common to have this type of structure to be destroyed in this period of time without some type of accelerant being used." Degnan also described evidence suggesting that the fire had been caused by an explosion. A sliding glass door had been found twenty-five feet from its origin, the chimney was twisted and had collapsed, and the floor joists had been torn from the foundation. Degnan noted also that the defendant had been convicted of arson in 1975, and, according to bank records, was about to lose his residence through foreclosure. In the affidavit's final two paragraphs, Degnan asserted:

"During the investigation, a 20 pound propane tank was located next to the hot water tank. This tank was in the open position with no evidence of regulator or flexible line being attached to it. In a later interview with the owner he indicated to me that this tank was used to keep hot water and a regulator and flexible line were attached.

Through information gathered during this investigation, there arrives a need to go back to the residence and search for evidence that will either prove or disprove theories that have developed."

Degnan and a detective from the State police met with Judge Colin Lizotte of the Milford District Court for approximately one hour and, pursuant to RSA 595-A:4 (1986), provided oral testimony in support of the warrant. The judge took three pages of notes which apparently summarize the essence of the discussion.

Judge Lizotte issued a warrant authorizing a search consistent with that for which Degnan had applied. Specifically, the warrant authorized an immediate search of the defendant's Lyndeborough residence for "[e]vidence pertaining to the cause and origin of the fire, such as gas tank regulator, [f]lexable [*sic*] gas lines, signs of chemicals used to ignite the fire or liquid flamable [*sic*] material, as well a[s] any and all other items that may show the cause of the fire."

Thereafter, investigators carried out the search of the burned remains of the defendant's residence. The investigators first searched the house. In what had been the rear corner of the house, located furthest from the breezeway and garage, the investigators discov-

ered what appeared to be the charred remains of a propane gas regulator and flexible hose. The investigators next searched the garage and breezeway. After using a bulldozer to remove layers of debris from the area, the investigators located the remains of a drop light, along with evidence that a flammable liquid had been used to accelerate the fire. Based on this evidence, the defendant was charged with arson and attempted theft of insurance.

The defendant filed two motions to suppress evidence seized during the search. In the first motion, the defendant argued that the affidavit accompanying the warrant application was insufficient on its face to support a finding of probable cause, and contained intentional and reckless misrepresentations of material facts. The superior court denied the motion. It found that probable cause existed "to search the premises for the gas regulator and flexible gas line used with the propane tank and hot water heater." The court also found that the defendant had not established that the supporting affidavit contained material misrepresentations of fact. The court specifically reserved judgment on whether "any other items were discovered during the search and whether those items were in the scope of the authorized search, and whether such items were in 'plain view' in that their evidentiary value was immediately apparent."

In a second motion, the defendant sought to suppress evidence seized during the search of the garage and breezeway; namely, physical evidence pertaining to the use of fire accelerants. The defendant based his motion on two grounds: first, that the showing of probable cause to Judge Lizotte was limited to ignition at the propane tank located in the rear of the house, and would not support a warrant for a search with a geographical scope beyond this area; and second, that the scope of items sought should have been limited to those specifically listed, the gas tank and flexible gas lines, the balance of the requested scope being overbroad. Following a hearing, the superior court granted the defendant's motion. The court found:

> "The search of the investigators exceeded the scope of the search authorized by the warrant. It was an unconstitutional general search, in bad faith, without probable cause. The evidence of ignition of accelerant on the garage floor and the breezeway area and any other evidence of arson other than that of the gas regulator and flexible gas line or evidence related thereto, is inadmissible at the trial of this case."

On appeal, the State contends that the superior court should not have granted the defendant's second motion to suppress. The State

first argues that probable cause existed to search not only the house for the propane tank and gas line regulator, but also the entire premises for physical evidence relating to the use of accelerants. The State further argues that even if the warrant was invalid, the evidence derived from the search should not have been suppressed because the investigators reasonably relied upon the warrant.

In response, the defendant argues that the superior court was correct in ruling that the supporting affidavit established probable cause solely to confirm the theory that the propane tank was the source of the fire, and did not justify a search of the garage and breezeway. Further, he maintains that the warrant's "catchall" provision—authorizing a search for "any and all other items that may show the cause of the fire"—must be interpreted in light of the specific theory that the propane tank was the origin of the fire. Finally, the defendant argues against adoption of a good faith exception to permit searches on less than the probable cause mandated by part I, article 19 of the New Hampshire Constitution. Moreover, the defendant contends that the good faith exception, if adopted by this court, has no application to the facts of this case.

■■ As a preliminary matter, we find that the scope of the investigators' search fell within the parameters of the search contemplated by the warrant itself. The warrant authorized the investigators to search the remains of the defendant's residence not only for evidence relating to a gas tank regulator and gas lines, but also for "signs of chemicals used to ignite the fire or liquid flamable [*sic*] material . . . ." It is firmly established that "[a] search made under authority of a search warrant may extend to the entire area covered by the warrant's description." 2 W. LaFave, Search and Seizure § 4.10(a), at 312 (2d ed. 1987). The warrant at issue was not limited on its face; it authorized a search for evidence pertaining to the cause and origin of the fire and for accelerants, without express geographical or theory-based limitation. We hold that the scope of the warrant, as expressed, was not violated.

We next consider the defendant's argument that probable cause existed to search only the house, for evidence of a gas regulator and gas line, and that the search warrant application and oral testimony did not provide probable cause to justify the further search of the garage and breezeway for evidence of chemicals and accelerants. The defendant relies on part I, article 19 of the New Hampshire Constitution, and on the fourth and fourteenth amendments to the Federal Constitution. In accord with *State v. Ball*, 124 N.H. 226, 471 A.2d 347 (1983), we first address the State constitutional claims and

refer to federal case law only to aid our analysis. *See State v. Gravel,* 135 N.H. 172, 176, 601 A.2d 678, 680 (1991).

■■ Part I, article 19 of the New Hampshire Constitution provides that search warrants shall issue only upon "cause or foundation," supported by oath or affirmation. We have interpreted this language as a requirement for probable cause. *See State v. Carroll,* 131 N.H. 179, 184, 552 A.2d 69, 72 (1988). Probable cause to search exists if a person "of ordinary caution would be justified in believing that what is sought will be found in the place to be searched . . . and that what is sought, if not contraband or fruits or implements of a crime, will aid in a particular apprehension or conviction." *State v. Jaroma,* 128 N.H. 423, 428, 514 A.2d 1274, 1277 (1986) (quotation omitted); *cf. Zurcher v. Stanford Daily,* 436 U.S. 547, 556–57 n.6 (1978) (probable cause to search exists where there are "reasonable grounds to believe . . . that criminally related objects are in the place which the warrant authorizes to be searched, at the time when the search is authorized to be conducted"). To procure a search warrant, police must demonstrate, at the time they apply for the warrant, that there exists "a substantial likelihood of finding the items sought; they need not establish with certainty, or even beyond a reasonable doubt, that the search will lead to the desired result." *Jaroma,* 128 N.H. at 428, 514 A.2d at 1277 (quotation omitted).

■■ Reviewing courts "should pay great deference to a magistrate's determination of probable cause and should not invalidate a warrant by interpreting the evidence submitted in a hypertechnical sense." *State v. Caicedo,* 135 N.H. 122, 125, 599 A.2d 895, 897 (1991) (quotation omitted). Accordingly, we "interpret the evidence submitted in support of a warrant in a commonsense manner, giving due consideration to the preference to be accorded warrants." *State v. Marcotte,* 123 N.H. 245, 248, 459 A.2d 278, 280 (1983). This principle guides the superior court in its review of a magistrate's finding of probable cause to search and, in turn, defines the scope of our review. Practically, it permits us to step into the shoes of the superior court and review the application for the search warrant, the supporting affidavit, and anything else that may comprise the record. We note that this principle applies whether we upset the granting of a motion to suppress when the State appeals, *see, e.g., Caicedo,* 135 N.H. at 126, 599 A.2d at 897, or affirm the denial of such a motion following the defendant's appeal, *see, e.g., State v. Bradberry,* 129 N.H. 68, 74, 522 A.2d 1380, 1382 (1986). Absent controlling facts determined at the superior court level in the first instance, we conduct our own review of the record comprising the application for the search war-

rant and decide the issue without deference to the superior court. *See, e.g., Caicedo,* 135 N.H. at 124–26, 599 A.2d at 897–98; *Bradberry,* 129 N.H. at 75, 522 A.2d at 1383–84.

■■ In this case, we disagree with the superior court that evidence presented to Judge Lizotte related solely to the theory that the explosion and fire originated with the propane tank and hot water heater. Degnan's affidavit supports the issuance of a warrant to search the remains of the entire premises for evidence of arson. While Degnan identified the propane tank and water heater as a possible source of the fire, he in no way suggested that this was the only evidence of arson to be found in a search of the defendant's residence. Indeed, he expressly stated that the speed with which the fire consumed the entire structure was consistent with the use of accelerants. A reasonable interpretation of the evidence in the affidavit is that the defendant manipulated the propane tank and hot water heater to cause the explosion and fire, and then used accelerants to ensure the rapid and complete destruction of the entire residence. A search to prove or disprove this theory would necessarily encompass not only the section of the defendant's home where the propane tank and water heater were located, but also the surrounding structure where accelerants might have been used. Investigators could, therefore, search for signs of ignition near the propane tank and water heater and then continue to search the garage and breezeway area for evidence pertaining to the use and ignition of accelerants. *See State v. Chaisson,* 125 N.H. 810, 818–19, 486 A.2d 297, 303 (1984). We conclude that probable cause supported a search of the defendant's entire residence. We further find that the objects seized fell within the scope of the search authorized by the warrant. Part I, article 19 requires "special designation" of the objects of a proposed search. This requirement was met by the warrant order commanding search for "signs of chemicals used to ignite the fire."

As this court has found that the requirement for probable cause under part I, article 19 is at least equal to that under the fourth and fourteenth amendments, *see Jaroma,* 128 N.H. at 431, 514 A.2d at 1274, a separate analysis of the defendant's claims under federal law is not required.

Because we find that probable cause existed to search the remains of the entire premises, and that the objects seized were properly designated within the scope of the search, we need not address the further arguments raised by this appeal.

*Reversed and remanded.*

All concurred.