THE STATE OF NEW HAMPSHIRE

v.

DAVID SILVESTRI

December 29, 1992

*John P. Arnold*, attorney general (*Brian R. Graf*, assistant attorney general, on the brief and orally), for the State.

*W. Kirk Abbott, Jr.*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

THAYER, J. The defendant was convicted of possession of marijuana with intent to distribute in violation of RSA 318-B:2. On appeal, the defendant argues that marijuana found during a search of his home should have been suppressed because the search warrant was not supported by probable cause. We agree with the defendant and therefore reverse.

A sergeant of the Pelham Police Department submitted a warrant application to the Pelham Municipal Court, which contained the following assertions:

> "1. That in the week of 15 October 1989 Detective Andrew McNally became aware of information concerning the selling of controlled drugs which are occurring in Pelham.
>
> 2. That Detective McNally contacted this affidavant [*sic*]
>
> 3. That I interviewed this subject concerning this information
>
> 4. That this subject 'A' informed me that a David [S]ilvestri, 34 Tallant Rd. Pelham, New Hampshire has been actively involved in selling a controlled drug
>
> 5. That this controlled drug is known as marijuana
>
> 6. That this subject 'A' made arrangements to purchase a quantity of marijuana

7. That during the week of 15 October 1989 this subject bought a quantity of marijuana from David Silvestri

8. That on a separate occasion during the week of 15 October 1989 this subject 'A' bought a quantity of marijuana

9. That subject 'A' called 635-9607 and made arrangements to purchase the marijuana

10. That 635-9607 belongs to David Silvestri

11. That this was confirmed by Ptl. Charles Laponious

12. That based on the foregoing information and my training I believe David Silve[s]tri is involved in a dontinuous [sic] violation of RSA 318-B:2, the controlled drug statute, in that he does possess and package a quantity of the controlled drug marijuana at his residence 34 Tallant Rd. Pelham, New Hampshire. It has been my experience that people involved in the selling of controlled drugs, marijuana, drug paraphenalia [sic] including pipes and rolling papers, weight scales, packaging material, profits from drug transactions being United States Currency, records and ledgers of drug sales transactions, marijuana growing equipment to include but not be limited to fertilizer, irrigation equipment and potting equipment, marijuana growing reference material, bank safe deposit keyes [sic], bank books and telephone tolls. It has also been my experience that firearms are kept by traffickers in illicit drugs. I hereby request that the Court issue an order authorizing the search of David Silvestri, his residence, any persons found in the building, outbuildings and curtilage including any vehicles and or boats also located on 34 Tallant Rd. Pelham, New Hampshire.

13. That Subject 'A' is a confidential informant.

14. That all of these transactions were observed by another subject 'B'

15. That Subject 'B' is also a confidential informant

16. That the 1st transaction was witnessed by a Police Officer, Ptl. Charles Laponious"

On October 18, 1989, the Pelham Municipal Court (*Jones*, J.) authorized the search to the extent requested by the police sergeant. The warrant was executed on October 19, 1989, resulting in the seizure of a quantity of marijuana. The defendant's motion to suppress was denied by the Superior Court (*Barry*, J.). The defendant was convicted after a jury trial in the Superior Court (*Groff*, J.).

■ The defendant argues that the evidence should have been suppressed because the affidavit submitted in the warrant application did not establish probable cause as required by part I, article 19 of the New Hampshire Constitution and the fourth amendment of the Federal Constitution. Because we find that the seizure was illegal under our State Constitution, we need not reach the fourth amendment issue. *See State v. Ball*, 124 N.H. 226, 232, 471 A.2d 347, 351 (1983).

The defendant contends that no probable cause could be found because the affidavit neither vouched for the reliability and credibility of the two undisclosed informants, nor provided any reason to believe that marijuana would be found in the defendant's home. The State, while admitting that the affidavit was inartfully drafted, maintains that it nevertheless provided a substantial basis for the magistrate to determine that probable cause existed.

■ The standard for determining if an affidavit in support of a search warrant establishes probable cause is:

"Given all the circumstances set forth in the affidavit before the magistrate, including the veracity and basis of knowledge of persons supplying hearsay information, was there a fair probability that contraband or evidence of a crime would be found in the particular place described in the warrant?"

*State v. Davis*, 133 N.H. 211, 213, 575 A.2d 4, 6 (1990) (quotations, ellipses and citations omitted). In reviewing the magistrate's determination of probable cause, this court will not "invalidate a warrant by interpreting the evidence submitted in a hypertechnical sense . . . ." *State v. Caicedo*, 135 N.H. 122, 125, 599 A.2d 895, 897 (1991). "Affidavits in support of search warrants must be read, tested and interpreted in a realistic fashion and with common sense." *State v. Hazen*, 131 N.H. 196, 200, 552 A.2d 77, 79 (1988) (quotation omitted).

■ A common sense reading of the affidavit supports the defendant's argument that it does not establish probable cause to search the defendant's residence. Under the totality-of-the-circumstances test adopted by this court in *State v. Carroll*, 131 N.H. 179, 187, 552 A.2d 69, 73 (1988), an informant's veracity and basis for knowledge remain important factors to be considered when determining if probable cause exists. The affidavit submitted here provides no indication of the informants' veracity, nor if the informants are known to be trustworthy or have provided reliable information in the past. The

lack of facts attesting to the veracity of the informants does not preclude a finding of probable cause, however, because "other indicia of reliability, such as corroboration by police officers, may be used to supply the missing factors relative to the informant and the informant's information in determining the existence of probable cause." *Id.* at 187, 552 A.2d at 74.

The State contends that there was adequate independent police corroboration of informant A's information because Officer Laponious confirmed the fact that the phone number dialed by the informant belonged to the defendant and Laponious witnessed the "transaction" between A and the defendant. The police corroboration relied upon by the State does not dispose of the defendant's claim that while the affidavit may have established probable cause to arrest the defendant for selling marijuana, it did not establish probable cause to search his residence. *See State v. Doe*, 115 N.H. 682, 685, 371 A.2d 167, 169 (1975) (probable cause to search is not the same as probable cause to arrest).

The only fact alleged in the affidavit that possibly refers to the defendant's residence is the telephone number dialed by the informant and confirmed by Laponious. The State concedes that there is no information in the affidavit confirming that this telephone number, 635-9607, is the number servicing the defendant's residence at 34 Tallant Road in Pelham. Although the State admits that the telephone number could have been that of the defendant's office or car phone, it argues that the affidavit provides a reasonable basis for the issuing magistrate to infer that the number was the defendant's home number.

Assuming that the magistrate drew the inference that 635-9607 was the defendant's home number, that phone number is the only connection between A's information and the defendant's residence. The affidavit does not state where the two purchases of marijuana were made. The informant does not state that it is his or her belief that drugs are kept at the defendant's residence or that he or she has seen drugs at the defendant's residence. *Cf. Caicedo*, 135 N.H. at 123, 599 A.2d at 895 (informant stated that defendant sold cocaine at stated address and made a controlled buy at that address); *Davis*, 133 N.H. at 212, 575 A.2d at 5 (informant saw marijuana on defendant's porch and in living quarters); *Hazen*, 131 N.H. at 202, 552 A.2d at 80–81 (controlled buy at defendant's residence substantiated informant's information that defendant commonly sold cocaine from residence).

■■ An affidavit may establish probable cause without the observance of contraband at the location to be searched. *See State v. Westover*, 127 N.H. 130, 497 A.2d 1218 (1985) (phone number referred to by trustworthy informant was investigated by Federal Drug Enforcement Agency and defendant's neighbors noted frequent visitors at all hours). The informant here lacked personal knowledge of the presence of drugs in the defendant's residence and did not indicate any other circumstances that would support the inference, by either the affiant or the magistrate, that the defendant stored drugs in his residence.

The State relies heavily on *State v. Grimshaw*, 128 N.H. 431, 515 A.2d 1201 (1986), to support its argument that when a magistrate can reasonably infer a person is a drug dealer, then there is a fair probability that controlled drugs could be found at that person's residence. The issue in *Grimshaw*, however, was whether the information provided by the informant was stale, not whether it provided probable cause to search the defendant's residence. In addition, the facts contained in the affidavit before us differ significantly from those contained in the *Grimshaw* affidavit, which stated that the disclosed informant had observed the defendant in possession of drugs on twenty to twenty-five occasions over a long period of time, and that the police had verified other information provided by the informant. *Id.* at 435, 515 A.2d at 1204. In the case before us, the police witnessed one "transaction" between A and the defendant during the week of October 15, 1989; informant A alleged that the defendant conducted another sale of marijuana during the same week; and an undisclosed informant B allegedly witnessed both transactions. We are not persuaded that the fact that the defendant sold marijuana twice within one week provides probable cause to search his residence.

■■ The State urges us to adopt a *per se* rule that if the magistrate determines that a person is a drug dealer, then a finding of probable cause to search that person's residence automatically follows. The State contends that the issuing magistrate can find that the fact that a person is an active drug dealer creates a fair probability that controlled drugs or other indicia of drug dealing could be found in the drug dealer's residence. We do not accept the State's invitation and note that we have consistently required some nexus between the defendant's residence and drug-dealing activities in order to establish probable cause to search the residence. *See Carroll*, 131 N.H. at 188, 552 A.2d at 74 (police observations during stake-out

of defendant's house and information relayed by informant provided probable cause); *Davis*, 133 N.H. at 212, 575 A.2d at 5 (informant observed drugs at defendant's residence). In the affidavit before us there was nothing to indicate that evidence of the crime was kept at, or picked up from, the defendant's residence other than the mere fact that the defendant was suspected of being a criminal. We hold that the defendant's motion to suppress should have been granted.

Finally, the State argues that because the police conducted a "controlled buy" between informant A and the defendant, there was sufficient corroboration to establish probable cause. This argument is without merit because the affidavit does not indicate that there was a controlled buy. At the suppression hearing, Laponious informed the court that there had been a controlled buy, but a court may not consider information that was not presented to the magistrate who issued the search warrant. *Whiteley v. Warden*, 401 U.S. 560, 565 n.8 (1971) (otherwise insufficient affidavit cannot be rehabilitated by testimony concerning information possessed by affiant when seeking warrant but that was not disclosed to issuing magistrate); *see* 2 W. LaFave, Search and Seizure § 4.3(a), at 167–69 (2d ed. 1987). Even if such testimony had been presented to the issuing magistrate, it would not have provided the requisite nexus to the defendant's residence because the controlled buy occurred in the defendant's vehicle.

*Reversed and remanded.*

All concurred.