IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. CEDRIC RURON SAINE

**Criminal Court for Davidson County**
**No. 2006-B-1714**

**No. M2007-01277-CCA-R3-CD - Filed May 29, 2008**

**OPINION ON PETITION TO REHEAR**

The State of Tennessee has filed a petition requesting this Court to rehear in the opinion filed on April 4, 2008. In its petition, the State requests that we reconsider our holding that the affidavit did not contain sufficient facts to establish probable cause to believe that drugs would be found inside the Defendant's residence. The State argues that this Court's opinion is in conflict with a prior decision of our supreme court and overlooks or misapprehends material facts established by the evidence.

In support of its argument, the State relies on State v. Smith, 868 S.W.2d 561 (Tenn. 1994). In Smith, the defendant's estranged wife and her two sons were found murdered. 868 S.W.2d at 566-67. As the result of police investigation, the defendant became the prime suspect. Id. at 571. When the defendant was questioned by police, he informed them that, after leaving the victims, he went directly to his trailer and his parents' home. Id. at 572. After obtaining a search warrant, the police searched the defendant's trailer for the weapons used in the slayings and any clothing worn the night of the murder. Id. at 571. The defendant objected to the search, contending that the affidavit failed to establish probable cause because it did not show a nexus between the evidence sought and the place to be searched. Id. at 572. Our supreme court rejected the defendant's argument, stating that

> [t]he items being sought, murder weapons such as a gun and ice pick/awl, clothing worn the night of the killing . . . were of the type kept at one's residence. It was reasonable to conclude that personal items such as these would have been left at [d]efendant's trailer and would remain there.

Id.

In its petition to rehear, the States strenuously argues that,

> [g]iven the nature of drug trafficking crimes, the penchant of drug dealers to maintain their illicit products inside their homes, and the detectives' observations of the [D]efendant's delivery of the cocaine, it was certainly reasonable for the detectives

to conclude that evidence of the [D]efendant's drug trafficking would be found inside.

In addition, the State asserts that our supreme court in Smith, "recognized a far lower threshold for establishing a sufficient nexus between a crime and a place to be searched." The State further petitions for a rehearing, arguing that this "Court's opinion also misapprehends the facts to the extent that it concludes the connection between the crime and the [D]efendant's residence [was] based upon an inference."

In our prior opinion, we cited to Smith and other relevant case law and concluded that there was a lack of substantial nexus between the controlled sale and the premises to be searched. We reaffirm our conclusion rejecting "a per se rule that if a person is determined by the magistrate to be a drug dealer, probable cause is shown to search that person's residence." See State v. Harvill Gilbert, No. 01C01-9311-CC-00383, 1995 WL 89697, at *5 (Tenn. Crim. App., Mar. 3, 1995) (citing State v. Silvestri, 618 A.2d 821, 824 (N.H. 1992)). The facts contained in the affidavit must provide a sufficient nexus between the crime and the place to be searched. State v. Longstreet, 619 S.W.2d 97, 99 (Tenn. 1981).

The affidavit here referenced only one controlled sale between the confidential informant and the Defendant. The affidavit also contained the unconfirmed statement of the confidential informant that the Defendant sold "various amounts of cocaine." See State v. Jacumin, 778 S.W.2d 430, 432 (Tenn. 1989) (affidavit must contain sufficient facts to satisfy the two-pronged test of the confidential informant's basis of knowledge and credibility of the informant). At no time did anyone witness criminal activity occurring at the Defendant's residence.

In Smith, the crime which the officers were investigating was a homicide. The evidence sought, among other items, was clothing worn by the Defendant at the time of the homicide. Obviously, items of clothing are routinely kept at a person's residence.

Here, the crime the officers were investigating was selling drugs from the Defendant's vehicle. We acknowledge that the affidavit established that the Defendant left his residence, drove directly to the location where the drug transaction occurred, and then drove directly back to his residence. In our previously filed opinion, we determined that the facts did not establish probable cause that illegal drugs or evidence thereof would be found in the Defendant's residence three days later when the warrant issued.

Having carefully considered the arguments set forth in the petition to rehear, we conclude that the State seeks to reargue matters fully argued previously. Although we understand and appreciate that the State disagrees with our conclusions, the arguments advanced in the petition for rehearing were not overlooked in our previous opinion. Rather, we analyzed and considered the arguments and determined that a lack of a substantial nexus between the controlled sale and the premises to be searched rendered the search warrant invalid.

The petition for a rehearing is respectfully denied.

Per Curiam
David H. Welles, Judge
Joseph M. Tipton, Presiding Judge
Jerry L. Smith, Judge