Merrimack
No. 2010-496

THE STATE OF NEW HAMPSHIRE

v.

JACK T. WARD

Argued: October 13, 2011
Opinion Issued: January 13, 2012

*Michael A. Delaney,* attorney general (*Susan P. McGinnis,* senior assistant attorney general, on the brief and orally), for the State.

*Pamela E. Phelan,* assistant appellate defender, of Concord, on the brief and orally, for the defendant.

HICKS, J. The defendant, Jack T. Ward, was convicted on thirteen counts of possessing child pornography. *See* RSA 649-A:3 (2007) (amended 2008). He appeals, arguing that the Superior Court (*Smukler,* J.) erred in denying his motion to suppress on the grounds that the affidavit supporting the application for a search warrant lacked probable cause to search his residence and his computer. We affirm.

On September 12, 2007, Officer Gary Allen of the Pembroke Police Department received a call from a pastor at a church in Pembroke. The pastor told Allen that he had received a call from a parishioner named Allen Brown and that Brown told him that he saw what appeared to be child pornography in his neighbor's garage.

After speaking with the pastor, Allen telephoned Brown. Brown identified the defendant as his neighbor and told Allen that he and the defendant

had a verbal agreement that they could go into each other's garage to borrow tools. On September 10, he went into the defendant's detached garage to borrow a drill and noticed a stack of magazines on the floor. There were several pieces of paper on top of the magazines that contained pictures of a female juvenile performing sexual acts on adult men. It appeared to Brown that the pictures were printed from a computer.

Allen asked Brown if he would come to the police station for an interview and Brown agreed. Later that day, Detective Dawn Shea confirmed that the residence identified by Brown was owned by the defendant and his wife.

On September 13, Allen and Shea met with Brown at the police station. Brown reiterated the information he had provided Allen regarding his relationship with the defendant. He explained that when he went to the defendant's garage on September 10, he saw a piece of paper on top of a pile of magazines that appeared to be longer than standard size paper and printed from a computer. He stated that one of the papers contained a photograph of a nude girl between the ages of twelve and fourteen lying on a white sheet and the other had a photograph of what appeared to be the same girl performing oral sex on a nude adult male. The magazines appeared to be pornographic in nature but Brown could not identify if they were adult or child pornography magazines.

Brown also indicated that the defendant and his wife each have a laptop computer, which they use on a daily basis. He stated that he had observed them using their computers inside their house; however, he had never seen any computer equipment in the garage. He indicated that at one time the defendant had a desktop computer but that he did not know whether the defendant still owned it. Brown further stated that the defendant spends a lot of time in the garage but that he had never seen the defendant's wife go into the garage.

That same day, Allen applied for a warrant to search the defendant's motor vehicle, his residence, including the detached garage and a shed, and his person. In the supporting affidavit, Allen described his conversations with Brown. The attachment to the affidavit submitted in support of the search warrant outlined the property for which Allen sought the search warrant, which included "[a]ny and all computer equipment" as well as "[c]amera equipment."

A district court judge issued a warrant and members of the Pembroke Police Department executed it on September 14, 2007. Prior to trial, the defendant moved to suppress the evidence seized during the search. After a hearing, the trial court granted the defendant's motion to the extent that the search warrant affidavit failed to establish probable cause to search the defendant's motor vehicle and his person, and to search for adult pornography. However, the court found that the affidavit established probable

cause to search the defendant's house and garage and, therefore, the court denied the motion to suppress evidence derived from those searches.

On appeal, the defendant argues that the trial court erred in denying his motion to suppress the evidence seized from his home and any computer in his home because the affidavit submitted in support of the warrant application did not establish probable cause to believe that evidence of child pornography would be found in those areas as required by Part I, Article 19 of the New Hampshire Constitution and the Fourth and Fourteenth Amendments to the United States Constitution. He argues that there was no information in the affidavit linking the images Brown observed in the garage to the computers Brown said he saw the defendant and his wife using nor was there any information "suggesting [he] stored child pornography in his home or on any computer in his home." We first address the defendant's claim under the State Constitution, *State v. Ball*, 124 N.H. 226, 231 (1983), and cite federal opinions for guidance only. *Ball*, 124 N.H. at 232-33.

We review the trial court's order *de novo* except with respect to any controlling factual findings. *State v. Dalling*, 159 N.H. 183, 185 (2009). Nevertheless, we afford much deference to a magistrate's determination of probable cause and will not invalidate warrants by reading the supporting affidavit in a hypertechnical sense. *Id.* Rather, "we review the affidavit in a common-sense manner, and determine close cases by the preference to be accorded to warrants." *Id.* (quotation omitted).

■ Part I, Article 19 of the New Hampshire Constitution requires that search warrants be issued only upon a finding of probable cause. *State v. Zwicker*, 151 N.H. 179, 185 (2004). Probable cause exists if a person of ordinary caution would justifiably believe that what is sought will be found through the search and will aid in a particular apprehension or conviction. *State v. Orde*, 161 N.H. 260, 269 (2010). To establish probable cause, the affiant need only present the magistrate with sufficient facts and circumstances to demonstrate a substantial likelihood that the evidence or contraband sought will be found in the place to be searched. *Id.* The affiant need not "establish with certainty, or even beyond a reasonable doubt, that the search will lead to the desired result." *State v. Fish*, 142 N.H. 524, 528 (1997) (quotation omitted).

■ ■ We utilize a totality-of-the-circumstances test to review the sufficiency of an affidavit submitted in an application for a search warrant. *Id.*

> Given all the circumstances set forth in the affidavit before the magistrate, including the veracity and basis of knowledge of persons supplying hearsay information, was there a fair probabil-

ity that contraband or evidence of a crime would be found in the particular place described in the warrant?

*State v. Silvestri*, 136 N.H. 522, 525 (1992) (quotations omitted). While an affidavit may establish probable cause without the observance of contraband at the location to be searched, *id.* at 527, in order to establish probable cause to search a residence, affidavits must establish a sufficient nexus between the illicit objects and the place to be searched. *Dalling*, 159 N.H. at 186.

Relying upon *Silvestri*, the defendant argues that "[t]he mere fact that the images found in the garage tended to establish that [he] illegally possessed those images did not, without more, support a finding that there was a fair probability that other such evidence was in his home." *Silvestri*, however, is distinguishable from the instant case. *Silvestri* dealt with a search of the defendant's residence for evidence of controlled drugs. *Silvestri*, 136 N.H. at 523-24. As in this case, the defendant argued on appeal that the evidence obtained from the search should have been suppressed because the affidavit submitted in support of the warrant application did not establish probable cause to search his residence. *Id.* at 525. We agreed, finding that "[t]he only fact alleged in the affidavit that possibly refer[red] to the defendant's residence [wa]s the telephone number dialed by the informant [to purchase marijuana] and confirmed by" an investigating officer. *Id.* at 526. We found that, even assuming the magistrate drew the inference that the telephone number was the defendant's home number, the informant did not state that it was his or her belief that drugs were kept at the defendant's residence or that he or she had seen drugs at the defendant's residence. *Id.* Nor did the informant "indicate any other circumstances that would support the inference, by either the affiant or the magistrate, that the defendant stored drugs in his residence." *Id.* at 527. We declined the State's invitation to adopt a *per se* rule that if a magistrate finds that a person is a drug dealer, then a finding of probable cause to search that person's residence automatically follows, stating that "we have consistently required some nexus between the defendant's residence and drug-dealing activities in order to establish probable cause to search the residence." *Id.*

In the instant case, unlike in *Silvestri*, while no child pornography was seen on the defendant's computer or in his residence, there were "other circumstances that would support the inference," *id.*, that the defendant had evidence of child pornography in these areas. With respect to his computer, the affidavit described Brown's first-hand observation of two pieces of paper in the defendant's garage depicting sexually explicit photographs of a nude girl between the ages of twelve and fourteen years

old. Brown described the papers as being longer than a standard size piece of paper and as appearing to have been printed off of a computer. He further indicated that he had observed the defendant and his wife using their laptop computers on a daily basis and that he knew the defendant had previously owned a desktop computer but that he was unsure if the defendant still owned it.

As to the defendant's residence, the affidavit averred that Brown had never seen any computer equipment in the garage but that he had observed the defendant using his laptop computer inside the house on a regular basis. Based on the totality of these circumstances, we conclude that the affidavit demonstrates a fair probability that evidence of child pornography would be found in the defendant's home or on his computer. "While no single piece of evidence may be conclusive, if the pieces seem to fit neatly together, the magistrate may find probable cause that evidence of a crime may be found at the defendant's home." *State v. Westover*, 127 N.H. 130, 132-33 (1985) (neighbor's testimony regarding frequent visitors at the defendant's residence and police corroboration that the defendant's phone number was linked to an ongoing drug investigation by the Federal Drug Enforcement Administration enough to establish probable cause to search defendant's residence).

The defendant further argues that, "without additional information," the inference that child pornography suspects are likely to store images in safe and secret places, such as their homes, "is not reasonable here." He contends that "[w]arrant applications often include expertise of law enforcement officials about a particular type of crime and the customary practices of persons suspected of being engaged in such criminal activity" and here, the affidavit contained no such information. Certainly additional information regarding an affiant's training and experience could be helpful in establishing probable cause. Here, however, neither the inference suggested by the defendant nor additional information regarding the affiant's training and experience were required to establish probable cause. The magistrate was presented with information indicating that what appeared to be a computer printout of child pornography was observed in the defendant's garage but no computer equipment had ever been seen in the garage and the defendant had only been seen using his computer in his home. When this information is viewed in a common-sense manner, we find that it was reasonable for the magistrate to infer that evidence of child pornography would be found on the defendant's computer or in his home. *Cf. State v. Kirsch*, 139 N.H. 647, 651 (1995) (finding that " 'pedophile profile' reciting the types of material collected by child molesters and their proclivity for retaining it" was not required to establish probable cause where a common-sense inference about the longevity of child pornography

retained by the sexual abuser could "reasonably be drawn from the nature of the items themselves, such as the photographs taken of the children").

■ The defendant also maintains that because he shared his home with his wife, "it was more likely that if [he] had additional child pornography he would have stored it somewhere other than in his home, such as in the garage." Merely because the defendant could have stored additional child pornography in the garage rather than in the home does not defeat probable cause in this case. Our duty as the reviewing court "is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983) (quotation, brackets and ellipsis omitted). Here, we are convinced that this standard was met.

We are further not persuaded by the defendant's argument that the affidavit failed to establish probable cause for the search of his home and computer because Brown "did not describe the physical attributes of the paper [or provide other information] that would have tended to show that [it] originated from a computer rather than, for example, a photo printer or a copier." While the affidavit did not completely refute the idea that the paper originated from somewhere other than a computer, we have never required "complete certainty . . . when determining whether probable cause to search exists." *State v. Daniel*, 142 N.H. 54, 59 (1997) (quotation omitted). Similarly, we do not believe it is fatal to the warrant's validity that the affidavit did not contain information indicating "that [the defendant] or his wife had a printer." A common-sense inference that a printer would likely be found in the defendant's home may be reasonably drawn from the fact that the affidavit contained information indicating both the defendant and his wife owned laptop computers, which they used in the home on a daily basis.

Finally, the defendant argues that "to the extent the trial court inferred, as the State suggested in its objection [to his motion to suppress], that the images found in the garage originated from the internet or that [he] made them using a digital camera, those inferences also lack foundation." (Citation omitted.) It is not clear from a review of the trial court's order, however, that it drew such an inference in rendering its decision. Moreover, we do not believe that this inference was necessary to establish probable cause for the search of the defendant's home and his computer. As stated above, the affidavit contained information indicating that what appeared to be a computer printout of child pornography was observed in the defendant's garage and the defendant had only been seen using his computer in his home. The magistrate could conclude that there was a substantial likelihood that the images originated from somewhere in the defendant's

home and thus, that evidence or contraband related to child pornography would be found there. We note that the defendant has not raised an argument on appeal concerning the breadth of the search warrant.

As the Federal Constitution offers the defendant no greater protection than does our State Constitution under these circumstances, *see Fish*, 142 N.H. at 527-28; *Gates*, 462 U.S. at 238, we reach the same result under the Federal Constitution as we do under the State Constitution.

*Affirmed.*

DALIANIS, C.J., and DUGGAN and LYNN, JJ., concurred.