Merrimack
No. 2011-626

THE STATE OF NEW HAMPSHIRE

v.

JONATHAN BALL

Argued: June 13, 2012
Opinion Issued: September 28, 2012

*Michael A. Delaney*, attorney general (*Elizabeth C. Woodcock*, assistant attorney general, on the brief and orally), for the State.

*Shaheen & Gordon, P.A.*, of Concord (*James D. Rosenberg* on the brief and orally), for the defendant.

DALIANIS, C.J. The defendant, Jonathan Ball, appeals his conviction, following a bench trial upon stipulated facts, on one felony count of possessing child sexual abuse images (child pornography). *See* RSA 649-A:3, I(a) (Supp. 2011). On appeal, he argues that the Superior Court (*Smukler*, J.) erred when it denied his motion to suppress evidence derived from the search of his home computer. We affirm.

## I. Background

The following facts are derived primarily from the affidavit submitted to support the warrant to search the defendant's computer. On July 29, 2009, the Concord police received a complaint that a man with a vehicle bearing New Hampshire license plate "WOODFLR" had masturbated in front of the complainant, showed the complainant numerous digital images of female children engaged in sexual activity, and asked the complainant if he would like to have sex with minor girls. The man also told the complainant that he had been having sex with his fifteen-year-old step-daughter since she was ten years old.

After running the license plate number through the New Hampshire Division of Motor Vehicles' computer system, the police discovered that the plate was registered to Robert Johnston. On July 31, 2009, the police executed a warrant to search his home. While there, the police interviewed his step-daughter, who confirmed that Johnston had been sexually abusing her since she was in sixth grade. The step-daughter told the police that "at some point," Johnston took nude photographs of her and sent them to others using his cellular telephone; she said that some of these photographs were sexually explicit.

The step-daughter also described engaging in sexual activity with Johnston on July 28, 2009, in the presence of a man named "John." Specifically, she described performing oral sex on Johnston in his parked vehicle while John stood outside the vehicle and masturbated. She stated that then John inserted his hand in her vagina. She told the police that on that same day, she and Johnston went to John's house in Pembroke and had sexual intercourse in John's bedroom. The step-daughter said that John joined her and Johnston on the bed and masturbated while he watched them have sex.

The step-daughter told the police that John's bedroom is located on the second floor and that to access it one has to walk through a sitting room in which there is a computer. The step-daughter told the police that on July 31, 2009, she observed John and Johnston "exchange[] messages by phone." The step-daughter said that John drove a yellow SUV with the license plate "AJ-WINGS."

On August 3, 2009, the police learned that a yellow SUV with the license plate "AJ-WINGS" is registered to the defendant. The police also found the defendant's Pembroke address. Based upon all of this information, the police submitted an application for a warrant to search the defendant's home, computer, and cell phone for evidence of child pornography. The Hooksett District Court granted the application on August 4, 2009.

The search of the defendant's computer revealed one computer file containing four images and two videos of children engaging in sexual acts. The search also revealed e-mails between the account on the defendant's computer and another online account describing sexual encounters involving a female of unknown age and a man named "Bob" who drove a truck with the license plate, "woodflr."

*II. Discussion*

On appeal, the defendant argues that the trial court violated the Fourth Amendment to the United States Constitution and Part I, Article 19 of the State Constitution by denying his motion to suppress the evidence seized

from his home computer. He asserts that the affidavit in support of the warrant application failed to set forth sufficient facts linking any child pornography to his computer. We first address the defendant's claim under the State Constitution and rely upon federal law only to aid in our analysis. *See State v. Ball*, 124 N.H. 226, 231-33 (1983).

## A. Standard of Review

■ Part I, Article 19 of the State Constitution requires that search warrants be issued only upon a finding of probable cause. *State v. Ward*, 163 N.H. 156, 159 (2012). Probable cause exists if a person of ordinary caution would justifiably believe that what is sought will be found through the search and will aid in a particular apprehension or conviction. *Id.* "The police must demonstrate in an application for a search warrant that there is a substantial likelihood that the items sought will be found in the place to be searched." *State v. Fish*, 142 N.H. 524, 527-28 (1994). "However, they need not establish with certainty, or even beyond a reasonable doubt, that the search will lead to the desired result." *Id.* at 528 (quotation omitted).

■ We apply a totality-of-the-circumstances test to review the sufficiency of an affidavit submitted with a warrant application. *Id.* The task of the issuing district court is to "make a practical, common-sense decision whether given all the circumstances set forth in the affidavit before [it], including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *see Fish*, 142 N.H. at 528.

■ "Our duty as the reviewing court is . . . to ensure that the [district court] had a substantial basis for concluding that probable cause existed." *Ward*, 163 N.H. at 162 (quotation omitted); *see Gates*, 462 U.S. at 238-39. Nevertheless, under this standard we "may properly conclude that . . . [a] warrant was invalid because the [district court's] probable-cause determination reflected an improper analysis of the totality of the circumstances." *United States v. Leon*, 468 U.S. 897, 915 (1984). "While an affidavit may establish probable cause without the observance of contraband at the location to be searched," to meet constitutional muster, "affidavits must establish a sufficient nexus between the illicit objects and the place to be searched." *Ward*, 163 N.H. at 160. As a reviewing court, we may consider *only* the information that the police brought to the issuing court's attention (here, the district court). *See United States v. Jacobson*, 466 U.S. 109, 112 n.2 (1984).

We review the superior court's order *de novo* except with respect to any controlling factual findings. *Ward*, 163 N.H. at 159. In this case, we review

the superior court's decision *de novo* as there were no controlling facts determined by it in the first instance. *See Fish*, 142 N.H. at 528.

■ We afford much deference to the district court's probable cause determination and will not invalidate warrants by reading the supporting affidavit in a hypertechnical sense. *Ward*, 163 N.H. at 159. "Rather, we review the affidavit in a common-sense manner, and determine close cases by the preference to be accorded to warrants." *Id.* (quotation omitted).

### B. Affidavit

The defendant argues that there was insufficient evidence linking the contraband (child pornography) to the location to be searched (his computer). *See Ward*, 163 N.H. at 160. However, his argument depends upon a hypertechnical reading of the supporting affidavit. Reviewing the totality of the circumstances, and in light of the deference accorded to the district court's finding of probable cause and the preference to be accorded to warrants, we conclude that the district court had a substantial basis for believing that the warrant was supported by probable cause. *See id.* at 159.

In arguing that the search warrant failed to establish a sufficient nexus between child pornography and the defendant's computer, the defendant relies primarily upon *State v. Silvestri*, 136 N.H. 522, 526-28 (1992), and *Ward*, 163 N.H. at 160-61. *Silvestri* concerned a search of a defendant's residence for evidence of controlled drugs. *Silvestri*, 136 N.H. at 523-24. We observed that the only fact alleged in the affidavit that referred to the defendant's residence was the telephone number the informant dialed to buy marijuana. *Id.* at 524, 526. The affidavit did not allege that the telephone number the informant dialed was the number servicing the defendant's residence, as opposed to his office or cell phone numbers. *Id.* at 526. Notably, the informant never stated that he or she saw drugs at the defendant's residence or that the informant believed that the defendant kept drugs there. *Id.* We concluded that even if the magistrate had reasonably inferred that the telephone number was the defendant's home number, this, alone, was insufficient to establish the required nexus between the defendant's home and his drug-dealing activities. *Id.* at 526-28. Accordingly, we held that the affidavit failed to establish probable cause for the search. *Id.* at 526-28.

*Ward* concerned the search of a defendant's home and computer for evidence of child pornography. *Ward*, 163 N.H. at 157. We concluded that *Ward* was distinguishable from *Silvestri* because, in *Ward*, there were several alleged facts connecting the defendant's home and computer to child pornographic images. *Id.* at 160.

In *Ward*, although no child pornography was seen on the defendant's computer or in his residence, child pornography was found in his garage, and there were facts linking this pornography to a computer and linking a computer to the defendant's residence. *Id.* at 160-61. Specifically, a neighbor saw two pieces of paper in the defendant's garage, which depicted sexually explicit photographs of a nude girl, and which appeared to have been printed out from a computer. *Id.* at 160-61. Moreover, the neighbor did not see any computer equipment in the garage, but had observed the defendant using a laptop computer in his home. *Id.* at 161. Considering the totality of these circumstances, and viewing this information in a common-sense manner, we concluded that the magistrate had a substantial basis for concluding that the requisite probable cause existed. *Id.* at 159, 160-61.

■ Here, as in *Ward*, there was no child pornography observed on the defendant's computer; however, there are "other circumstances that would support the inference" that child pornography was located there. *Id.* at 160 (quotation omitted). Specifically, the affidavit alleged that Johnston's cell phone contained sexually explicit images of children and that he used it to transmit such images to others. The affidavit also alleged that Johnston and the defendant exchanged messages. These facts are sufficient to support an inference that Johnston used his cell phone to transmit at least one sexually explicit image of a child to the defendant's cell phone.

The affidavit also alleged that the defendant touched the minor victim sexually and watched her and Johnston engage in sexual activity. This fact supports an inference that the defendant is also interested in images of child sexual activity.

Finally, the affidavit included the officer's assertion based upon his training and experience that those who "have demonstrated an interest or preference in sexual activity with children . . . are likely to keep secreted, but readily at hand, sexually explicit visual images depicting children," which they often "carry . . . upon their person in the form of USB drives or other media storage devices," and that persons receiving such images will copy them onto their computers' hard drives. Based upon the totality of these circumstances, we conclude that the affidavit afforded the district court a substantial basis for believing that the defendant's computer contained child pornography. *See id.* at 159, 160-61.

In arguing for a contrary result, the defendant relies upon cases from other jurisdictions concluding that evidence of child molestation alone does not establish probable cause for a search warrant for child pornography. *See, e.g., United States v. Hodson,* 543 F.3d 286, 292 (6th Cir. 2008). *But see United States v. Colbert,* 605 F.3d 573, 578 (8th Cir. 2010), *cert. denied,* 131 S. Ct. 1469 (2011). The defendant's reliance upon this case law is, however,

misplaced. In the instant case, there was evidence not only that the defendant molested the minor victim, but also that he watched Johnston molest her while he masturbated. In other words, there was evidence that the defendant was a voyeur of child sexual activity.

The defendant also relies upon cases from other jurisdictions ruling that an officer's general conclusions based upon his training and expertise are relevant to the probable cause determination only when they are supported by particularized facts. *See United States v. Zimmerman*, 277 F.3d 426, 433 n.4 (3d Cir. 2002); *see also United States v. Clark*, 668 F.3d 934, 935-37, 939-40 (7th Cir. 2012). He contends that in this case, there were no particularized facts to justify reliance upon the officer's general conclusions. Assuming that we were to follow the law from these jurisdictions, we disagree. In addition to the officer's conclusions, there was evidence that the defendant molested the minor victim, watched her have sex with Johnston while he masturbated, and exchanged messages with Johnston who used his cell phone to transmit sexually explicit images of children to others.

As the Federal Constitution offers the defendant no greater protection than the State Constitution does under these circumstances, *see Ward*, 163 N.H. at 163, we reach the same result under the Federal Constitution as we do under the State Constitution.

*Affirmed.*

HICKS and CONBOY, JJ., concurred.