NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Rockingham
No. 2012-674


THE STATE OF NEW HAMPSHIRE

v.

ROBERT LETOILE, JR.

Argued:  November 13, 2013
Opinion Issued:  May 16, 2014


Joseph A. Foster, attorney general (Elizabeth C. Woodcock, assistant attorney general, on the brief and orally), for the State.

James B. Reis, assistant appellate defender, of Concord, on the brief and orally, for the defendant.


BASSETT, J.  The defendant, Robert Letoile, Jr., appeals his convictions, following a jury trial, on twenty-six charges of possession of child pornography. See RSA 649-A:3 (Supp. 2013).  He argues that the Superior Court (Delker, J.) erred when it denied his motion to suppress evidence derived from the search of his home computer.  We affirm.

The defendant is appealing the denial of his motion to suppress a second warrant after the superior court granted a suppression motion on the initial warrant.  On April 11, 2010, the defendant's ex-wife complained to the

Hampstead Police Department that, while using the defendant's computer, she clicked on the browsing history and found disturbing links to websites that potentially contained child pornography. She was not able to access the websites at that time because her internet connection was not working.

In a follow-up meeting with the police, the defendant's ex-wife explained that she had started checking the defendant's browsing history six months earlier, and it was at that time that she first noticed child pornography on the defendant's computer. According to the police affidavit for the search warrant, she described the images as depicting "nude young undeveloped girls (well under 18 years of age)." She told the police that the links that she had viewed most recently had titles with the words "young girls/young teens."

Based upon this information, the police secured a search warrant and seized the defendant's computer. The defendant moved to suppress all evidence and statements obtained as a result of the search warrant, arguing, in part, that the affidavit failed to establish probable cause because it did not provide a sufficient description of the alleged child pornography. In September 2011, after a hearing, the superior court granted the motion, ruling that the search warrant did not describe the images with sufficient particularity.

Shortly thereafter, the defendant's ex-wife again met with the Hampstead Police. At that time, she described in greater detail five images that she had viewed on websites on the defendant's computer after clicking on links listed in his browsing history. Although the ex-wife had stated at a prior meeting that the defendant had a desktop file containing child pornography, she had not described the file images that she had viewed. At the next meeting, she stated that she had seen the five images six months earlier, and explained that she had not provided these details earlier because she did not know that they were important. Based upon the new information, Officer Conway submitted another application for a warrant to search the defendant's computer and hard drive. The 10th Circuit – Salem District Division (Sullivan, J.) granted the application. The search of the defendant's computer and hard drive revealed images and movies containing child pornography. The State charged the defendant with twenty-nine counts of possession of child pornography, and twenty-nine counts of attempted possession of child pornography.

The defendant again moved to suppress all evidence and statements obtained as a result of the search warrant, arguing that there was no probable cause and that "even if probable cause existed, it was based upon factual allegations that remained 'tainted' from the initial unlawful search and seizure." After a hearing, the superior court denied the motion, concluding that the statements from the defendant's ex-wife, including her more detailed descriptions of the images, "would lead a reasonable person to believe that there was a substantial likelihood that child pornography would actually be

found on the computer." The trial court further concluded that the references to the first warrant in Conway's affidavit did not taint the second warrant. After a three-day jury trial, the defendant was found guilty of twenty-six counts of possession of child pornography. This appeal followed.

On appeal, the defendant argues that the trial court violated Part I, Article 19 of the State Constitution and the Fourth and Fourteenth Amendments to the United States Constitution by denying his motion to suppress. He asserts that: (1) Conway's affidavit failed to set forth sufficient facts linking child pornography to his computer; and (2) references in Conway's affidavit to the evidence seized pursuant to the first warrant prejudiced the fair and impartial determination of whether probable cause existed. We first address the defendant's claims under the State Constitution and rely upon federal law only to aid in our analysis. See State v. Ball, 124 N.H. 226, 231-33 (1983).

I. Probable Cause

The defendant argues that there was insufficient evidence linking the five images of child pornography described by his ex-wife to his computer because "the images were located on unknown websites that [she had] accessed, not on the hard drive of the computer itself." The State contends that both information contained within Conway's affidavit as well as common knowledge supported the trial court's determination. We agree with the State.

"Part I, Article 19 of the State Constitution requires that search warrants be issued only upon a finding of probable cause." State v. Ward, 163 N.H. 156, 159 (2012). "Probable cause exists if a person of ordinary caution would justifiably believe that what is sought will be found through the search and will aid in a particular apprehension or conviction." Id. "The police must demonstrate in an application for a search warrant that there is a substantial likelihood that the items sought will be found in the place to be searched." State v. Ball, 164 N.H. 204, 207 (2012). "However, they need not establish with certainty, or even beyond a reasonable doubt, that the search will lead to the desired result." Id. (quotation omitted).

We apply a totality-of-the-circumstances test to review the sufficiency of an affidavit submitted with a warrant application. Id. The task of the issuing court is to make a practical, common-sense decision whether given all the circumstances set forth in the affidavit before it, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. Id.

Our duty as the reviewing court is to ensure that the issuing magistrate had a substantial basis for concluding that probable cause existed. Id. "While an affidavit may establish probable cause without the observance of contraband at the location to be searched," in order to meet constitutional muster, "affidavits must establish a sufficient nexus between the illicit objects and the place to be searched." Id. As a reviewing court, we may consider only the information that the police brought to the issuing court's attention (here, the district division). Id.

"We review the superior court's order de novo except with respect to any controlling factual findings." Id. In this case, we review the superior court's order de novo because there were no controlling facts that it determined in the first instance. See id. at 207-08. We afford much deference to the district division's probable cause determination and will not invalidate warrants by reading the supporting affidavit in a hypertechnical sense. Id. at 208. "Rather, we review the affidavit in a common-sense manner, and determine close cases by the preference to be accorded to warrants." Id. (quotation omitted).

The defendant's ex-wife stated that she found a "large" number of links to pornographic websites. She explained in detail that some of the sites had images of adult males engaging in genital contact with minor females, while other sites had images that depicted minor females engaged in sexual acts with each other. As the defendant concedes, his ex-wife's descriptions of the five images were facially sufficient to establish that the images were child pornography.

He argues, however, that the magistrate lacked probable cause because his ex-wife described images that were found on websites, rather than located on the hard drive of the computer itself. He contends that the trial court erroneously inferred that because the links had been viewed on the defendant's computer, it was therefore probable that the pornographic images had been downloaded. The State counters that the trial court properly viewed the warrant in a common-sense manner and drew upon common knowledge about the manner in which computers retain files and images.

We are not persuaded by the defendant's argument. Probable cause does not require conclusive proof of illegal activity – instead, the magistrate determines, in light of the affidavit provided, whether there is a "fair probability" that contraband will be found in a particular place. Ball, 164 N.H. at 207. Here, the district division made the common-sense inference that there was a fair probability that downloaded images from the websites listed in the defendant's browser history would be found on the defendant's computer and hard drive.

The defendant further contends that evidence of a visit to a website cannot support the conclusion that child pornography was downloaded on a computer because "websites are inherently transitory in nature," and, therefore, "the affidavit did not establish that the images viewed by [his ex-wife] were likely to be the same images that existed on those websites at some earlier point in time." We disagree.

The fact that the defendant's ex-wife stated that she "first located child pornography on [the defendant's] computer" through his browsing history, at a time when the defendant was living at home and using the computer, supports the inference that the images viewed by the defendant's ex-wife were the same as the images viewed by the defendant. Moreover, the fact that the websites contained the words "young girls/young teens" supports the inference that, although the images may have changed, the content of the websites continued to include child pornography. While another possible inference is that the website content changed and that no child pornography existed on the websites when the defendant visited them and that he never downloaded any child pornography, the mere existence of such an alternative scenario does not defeat a finding of probable cause. To be sure, it was not certain that child pornography would be found on the defendant's computer, but neither certainty, nor proof beyond a reasonable doubt, nor even proof by a preponderance of the evidence, is required for a magistrate to find probable cause. See id. What is required is a fair probability that evidence of a crime will be found in a particular place. Id. That standard was satisfied here.

The defendant cites United States v. Zimmerman, 277 F.3d 426 (3d Cir. 2002), for the proposition that a search warrant must state that the defendant downloaded the pornography. However, there are several important distinctions between Zimmerman and this case. In Zimmerman, the defendant was accused of having shown one video clip of adult pornography to a minor six months prior to the execution of a search warrant for his home and home computer. Zimmerman, 277 F.3d at 430-31, 434. The Third Circuit Court of Appeals suppressed evidence derived from the search warrant, finding that the information supporting probable cause to find adult pornography was stale, and that, as the Government conceded, there was no probable cause to search for child pornography. See id. at 432-34. Consequently, the court did not have occasion to consider whether an individual must download a file in order to establish probable cause sufficient to search for child pornography. Further, virtually the entire affidavit of the police officer in Zimmerman recounted incidents in which the defendant allegedly sexually accosted students, and pornography was mentioned only briefly. See id. at 431. Here, in contrast, Conway's affidavit was focused on the defendant's alleged possession of child pornography.

5

Finally, in Zimmerman, the court emphasized that the affidavit of the officer did not suggest that the defendant had downloaded adult pornography, and, consequently, there was no indication that it would be found in his home. Id. at 435. Here, although the defendant correctly notes that Conway's affidavit did not specifically state that the defendant had downloaded child pornography files, there were additional facts set forth in the application that would allow a reasonable person to conclude that there was a fair probability that the defendant possessed child pornography. Although the defendant's ex-wife did not describe the images contained within the desktop file, she characterized the computer file as containing child pornography. This supports the inference that the defendant was downloading the images from the websites that he visited. Additionally, we agree with the trial court that it is now common knowledge "that a computer's browsing history would leave behind images in a temporary file on the computer's hard drive that could be accessed at a later date or time." See Smith v. State, 887 A.2d 470, 471-72 (Del. 2005) (upholding trial court's finding of probable cause when trial court concluded that "it rises to the level of common knowledge that imagery in computers is still in existence and is persistent"). In light of the totality of this evidence, we find that, based on the information in the affidavit, the trial court had a substantial basis to conclude that probable cause existed.

Our conclusion is consistent with case law in other jurisdictions where courts have upheld a finding of probable cause even though the affidavits supporting search warrants did not state that the defendants had downloaded child pornography to their computers. See, e.g., United States v. Kleinkauf, No. 11-40971, 2012 WL 3030347, at *2 (5th Cir. July 25, 2012) (concluding that the affidavit did not need to allege that defendant downloaded child pornography because the defendant's subscription to "Hardlovers" was "sufficient for the magistrate judge to reasonably infer the nature of the website and the likelihood that child pornography would be found in the places identified by the affidavit"); United States v. Frechette, 583 F.3d 374, 379 (6th Cir. 2009) (concluding that "[e]vidence that an individual subscribed to child pornography web sites supports the conclusion that he has likely downloaded, kept, and otherwise possessed the material" (quotation omitted)); United States v. Gourde, 440 F.3d 1065, 1070-72 (9th Cir. 2006) (en banc) (concluding that payment and registration for a subscription to child pornography website supported a probable cause determination); United States v. Wagers, 452 F.3d 534, 540 (6th Cir. 2006) (noting that "evidence that a person has visited or subscribed to websites containing child pornography supports the conclusion that he has likely downloaded, kept, and otherwise possessed the material"); United States v. Martin, 426 F.3d 68, 74-76 (2d Cir. 2005) (holding that affidavit supported probable cause determination when the affidavit stated only that an occupant of defendant's home subscribed to child pornography e-group); United States v. Bershchansky, 958 F. Supp. 2d 354, 376 (E.D.N.Y.

6

2013) (explaining "downloading is not necessary for a finding of probable cause").

The defendant argues that the cases from other jurisdictions are distinguishable because here there is no allegation that the defendant paid for a subscription to a child pornography website, that he was a known collector of child pornography, or that he had prior convictions for possession of child pornography. However, his argument misses the mark. In those cases, the circumstances alluded to by the defendant were not, in fact, necessary for a finding of probable cause. Moreover, other courts have found probable cause notwithstanding the absence of the circumstances described by the defendant. For example, in United States v. Christie, the federal district court found probable cause for the search of the defendant's computer based on observations made by police officers of a user posting links to child pornography on a password-protected website from an IP address assigned to the defendant's dwelling. United States v. Christie, 570 F. Supp. 2d 657, 678-79 (D.N.J. 2008); see also United States v. Abraham, No. CR 05-344, 2006 WL 1344303, at *4 (W.D. Pa. 2006) (fact that affidavit did not allege that defendant downloaded video clip was "irrelevant since the Affidavit of Probable Cause expressly explained that even if the Defendant never downloaded the image in question, a forensic examiner would be able to find the image on Defendant's computer").

We note that the defendant cites cases from other jurisdictions in which the defendant's visit to a child pornography website – in the absence of evidence that the defendant downloaded the images – was deemed insufficient to support a conviction for possession of child pornography. However, these cases are inapposite: The issue in this case is solely whether probable cause existed to issue a search warrant. Accordingly, we need not address the issue of whether the State must prove that a defendant actually downloaded child pornography in order to convict a defendant of possession of child pornography.

As the Federal Constitution offers the defendant no greater protection than the State Constitution under these circumstances, see Ward, 163 N.H. at 163, we reach the same result under the Federal Constitution as we do under the State Constitution.

II. References to The First Search

The defendant next argues that the trial court erred in denying his motion to suppress because Conway's affidavit referenced the "evidence that was illegally seized pursuant to the first warrant." The defendant contends that these references "prejudiced what should have been a fair and impartial determination of whether probable cause existed." We note that the defendant

7

does not argue that the police violated his state and federal constitutional rights by maintaining possession of the computer between the suppression of the first warrant and the grant of the second warrant.  The State responds that, after excising all references to the first warrant, Conway's affidavit was sufficient to establish probable cause.  We agree with the State.

In the affidavit for the second warrant, Conway set forth the information provided by the defendant's ex-wife, and also described: (1) that the police had seized the defendant's computer under the first warrant; (2) that the computer was released for forensic analysis and the timeline of that analysis; and (3) that in the analysis, the police found images on the defendant's computer, which led to the first charges for possession of child pornography.

"A warrant based in part upon illegally seized evidence is nonetheless valid so long as there was enough other evidence to establish probable cause." State v. Orde, 161 N.H. 260, 269 (2010).  "Thus, to test the validity of a search warrant issued upon an affidavit referencing illegally seized evidence, the reviewing court excises the tainted information and examines the remaining information to determine whether it establishes probable cause." Id.

Here, given that the first warrant was invalid, evidence obtained pursuant to the first warrant must be excised and cannot be used to establish probable cause for issuance of the second search warrant.  See State v. Newcomb, 161 N.H. 666, 672-73 (2011).

We conclude that, after striking the references to the illegally seized evidence, Conway's affidavit established probable cause for the issuance of a search warrant.  We agree with the trial court that the references to the first warrant contained in Conway's affidavit provided only the procedural history of the case "necessary to evaluate whether the computer was handled and stored in a manner that preserved the evidence which might be contained on the computer."  The detailed information furnished by the defendant's ex-wife provided a sufficient basis for the finding of probable cause.

To the extent that the defendant argues that the second search warrant violated his rights under the Federal Constitution because its supporting application referenced the first warrant, he has not adequately developed this argument for our review, so we decline to address it.  See State v. Euliano, 161 N.H. 601, 608 (2011).

III.  Additional Arguments

Finally, the defendant argues that the trial court erred in not suppressing the search warrant because the magistrate failed to examine the images independently to determine if they were child pornography.  He also

contends that the trial court erred in not suppressing the search warrant because Conway's affidavit contained irrelevant information regarding the defendant's alleged prior sexual assaults of his ex-wife and her two daughters. However, the record does not reflect that these arguments were raised before the trial court. We generally do not consider issues raised on appeal that were not presented in the trial court. <u>Id</u>. at 610-11. It is the burden of the appealing party to provide this court with a record sufficient to decide the issues raised on appeal and to demonstrate that the appellant raised those issues before the trial court. <u>Id</u>. As the defendant has failed to meet his burden, we will not address these arguments.

<u>Affirmed</u>.

DALIANIS, C.J., and HICKS, CONBOY and LYNN, JJ., concurred.